(78 South. 809)

DEAL v. HOUSTON COUNTY. (4 Div. 778.)

(Supreme Court of Alabama. April 18, 1918.)

1. APPEAL AND ERROR ☞1012(1)—FINDINGS BY COURT—REVIEW.

In suit on an itemized verified account under Code 1907, § 3970, where the evidence adduced before the judge trying without a jury was developed ore tenus, or partly so, the findings of the court will not be disturbed, unless plainly contrary to the great weight of the evidence, under Gen. Acts 1915, p. 824.

2. WITNESSES ☞275(2)—CROSS-EXAMINATION OF PARTY—SCOPE.

In action against a county to recover for publishing poll list, where plaintiff testified that the probate judge authorized him to publish it, it was proper, on cross-examination, to ask whether the judge did not say he would personally pay for it, and whether he said the county would pay for it, the issue being as to authorization.

3. WITNESSES ☞275(2)—CROSS-EXAMINATION OF PARTY—SCOPE.

In action against county to recover for publishing poll list, issue being whether plaintiff was authorized to publish it, it was error, standing alone and without statement of counsel, to permit defendant to ask plaintiff whether a certain other paper did not also publish the list, as the fact of such publication alone would not prove that plaintiff was not first authorized to publish the list.

4. WITNESSES ☞275(2)—CROSS-EXAMINATION OF PARTY—ANSWER—EXPLANATORY MATTER.

In action against county to recover for publication of poll list, where defendant was permitted to ask plaintiff whether another paper did not also publish the list, it was proper to allow plaintiff to explain that the other paper used plaintiff's forms; the question being whether plaintiff was authorized to publish the list, and whether he was the first authorized.

5. EVIDENCE ☞83(4)—PRESUMPTIONS—REGULARITY OF OFFICIAL ACTS.

Since Gen. Acts 1915, p. 242, § 14, authorized judge of probate to publish poll list in only

one paper, the presumption is that a judge did not authorize two papers to publish such list.

6. EVIDENCE ☞147—COMPETENCY—NEGATIVE EVIDENCE.

In action against a county to recover for publishing the poll list, it was competent for the clerk of the probate court to testify that he did not know of a contract with plaintiff, or that plaintiff received the list, and did not remember that the probate office received a copy of plaintiff's paper containing the list.

7. NEWSPAPERS ☞1(1) — PUBLICATION OF POLL LIST—AUTHORIZATION.

Under Gen. Acts 1915, p. 242, § 14, the judge of probate, and not the board of revenue or county commissioners, was authorized to have the poll list published, and when such authority was exercised by the judge as to one newspaper, his powers become functus officio, and he could not bind the county by authorizing a second paper to publish the list.

8. NEWSPAPERS ☞1(4)—POLL LISTS—PUBLICATION—AUTHORIZATION.

No formal act was necessary by a county judge to authorize a newspaper to publish the county poll list, under Gen. Acts 1915, p. 242, § 14.

9. NEWSPAPERS ☞5(1) — PUBLISHING POLL LIST—COMPENSATION.

In action against a county to recover for publishing poll list, question being as to whether plaintiff had been authorized to publish the list, statements of the probate judge touching his friendship for plaintiff, and the latter's supposed financial embarrassment and the judge's desire to aid, should not have been admitted over plaintiff's objection.

10. NEWSPAPERS ☞5(1)—PUBLISHING POLL LIST—AUTHORITY—EVIDENCE.

For the purpose of showing whether a paper was authorized to publish a poll list, instructions of the probate judge that the cost of the setting up of the poll list should be divided with another paper publishing such list were admissible, as was a question as to whether the judge gave the contract to both with understanding that they divide the fee.

11. NEWSPAPERS ☞5(1)—PUBLISHING POLL LIST—EVIDENCE.

Where question was as to which of two newspapers had authority to publish poll lists, evidence that the claim of one paper was allowed while the judge of probate was living was admissible, and a statement of the judge that the claim of the other paper was valid was admissible to rebut it.

12. EVIDENCE ☞245—ADMISSIONS OF PUBLIC OFFICIALS.

Since a probate judge has authority, under Gen. Acts 1915, p. 242, § 14, to authorize publication of poll lists, his declarations are admissible to show who in fact has received such authority, and their admission in evidence does not offend Code 1907, § 4007, relating to admission in evidence of admissions of officials offered by one affected by interest.

13. OFFICERS ☞103—AUTHORITY.

While individuals are liable to the extent of the power they have apparently given their agents, a government is liable only to the extent of the power it has actually conferred upon its officers.

14. APPEAL AND ERROR ☞1031(3)—PREJUDICIAL ERROR—REVERSAL—ADMISSION OF EVIDENCE—TRIAL BY COURT.

Where a cause is tried by the court without a jury, the admission of illegal evidence raises the presumption of injury, and requires reversal, unless the remaining evidence is without conflict and is sufficient to support the judgment.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Suit by L. S. Deal against Houston County. Judgment for defendant, and plaintiff appealed. Transferred from the Court of Appeals under Act April 18, 1911 (Laws 1911, p. 450), § 6. Reversed and remanded.

H. K. Martin, of Dothan, for appellant. Lee & Tompkins, of Dothan, for appellee.

THOMAS, J. The suit was based on an itemized, verified account, under the statute. Code, § 3970. The general issue only was pleaded. The judgment by the court, trying without a jury, was for the defendant.

[1] Counsel overlook the construction which has been given the act of September 25, 1915 (Gen. Acts, p. 824)—Ahlrichs v. Rollo, 76 South. 37;[1] Hackett v. Cash, 196 Ala. 403, 72 South. 52; Finney v. Studebaker Corporation of Amer., 196 Ala. 422, 72 South. 54—to the effect that where the evidence adduced before the judge trying without a jury was developed ore tenus, or partly so, the finding of the court will not be disturbed, unless the conclusion and judgment is plainly contrary to the great weight of the evidence. The evidence was so developed in the instant case, and the statute as construed in the foregoing authorities has application.

The first four assignments of error challenge the correctness of the rulings on the introduction of evidence.

[2] Plaintiff as a witness testified that as editor of the Dothan Home Journal he published the poll list of Houston county by order of the judge of probate; that he solicited the publication, and that Judge Crawford authorized it, furnishing him the copy therefor. Defendant's counsel then asked, "Is it not a fact that Judge Crawford told you at the time he would personally pay you something for the publication of it [the poll list]?" and witness replied, "He did not." This was a proper cross-examination for the purpose of testing the witness' statement that Judge Crawford, as judge of probate, had authorized the publication. So of the question, "He did not tell you that the county would pay for it, did he?" and the answer, "I do not think so."

[3-5] The question by defendant, "Isn't it a fact that the Dothan Dispatch published the poll lists of Houston county?" was objected to by plaintiff, and the objection was overruled. Without other evidence, or a statement of counsel, in that connection, rendering competent the evidence sought to be thus elicited, the objection should have been sustained. Having permitted the question, it was proper to allow plaintiff to explain that the Dothan Dispatch used the forms set up by plaintiff in getting out its edition containing the poll lists. The fact of such other publication would not have the effect, without more, to prove that the plaintiff was not first authorized by the judge of probate to publish the list. The statute authorized publication only in one paper. The presumption is that the judge of probate did his duty in that regard. Hence the tendency of the evidence was pertinent to the inquiry.

[6] A witness, who was clerk of the probate court at the time of the alleged authorization and publication, was permitted to testify that he did not know of such contract with plaintiff, or that the Dothan Home Journal obtained the poll lists from the probate office, and did not remember that the probate office received a copy of that paper containing such publication. In this there was no error; the plaintiff had testified that he delivered a copy of that issue of his journal to the probate office.

[7, 8] This statutory authorization of the preparation and certification of such lists by the judge of probate, and the publication thereof "in some newspaper," to be paid for by the counties "out of the county treasury," provided for publication to be made in only one newspaper of the designated circulation. This statutory authorization was to the probate judge, and not to the board of revenue or county commissioners, and when exercised by the judge of probate as to one newspaper, in that regard, his powers become functus officio. Having accomplished the purpose to effectuate the publication as required by the statute, the judge in this case had no further authority to contract for such publication by other newspapers. No formal act of authorization was required of the judge of probate; the requirement was only, that when he had made up the list as required of him by the statute, it should be published by him "in some newspaper with a general circulation in said county," etc. That the trial court might ascertain to whom this authorization of publication was made by the judge of probate, it was competent to explain that copies of said poll lists were furnished the Dispatch through the Home Journal.

[9, 10] Statements of Judge Crawford made to Mr. Hilson touching the judge's friendship for Mr. Deal, and the latter's supposed financial embarrassment and Judge Crawford's desire to aid his journal, should not have been admitted in evidence over the plaintiff's objection. For the purpose of showing authorization the instruction of the judge that the cost of setting up the poll lists on the machine should be divided was competent. The same is true of the question, "Isn't it a fact that Judge Crawford gave the contract to both of you [the Dispatch and the Journal] with the understanding that you all should divide the fee?"

[11, 12] The fact that the claim of the Dispatch for the publication was filed and paid during Judge Crawford's administration of the office of judge of probate of Houston county, after a meeting of the board of revenue at which he was present, had a tendency to show to whom the deceased judge had given the publication contract. On the other hand, the testimony of the plaintiff, show-

ing presentation of the claim of the Home Journal for such publication to the board of revenue before Judge Crawford's death, and that said judge of probate stated to J. R. Crawford that "Deal's claim [Dothan Home Journal] was a valid one against the county and would have to be paid," was competent, as showing the judge's knowledge of the claim of the Journal for the publication, and as tending to prove authorization thereof by that official and to rebut the testimony of the defendant to the effect that the authorization was to the Dothan Dispatch. The exclusion of this evidence cannot be justified on the ground that it was offensive to the provisions of section 4007 of the Code, in that it was the admission of an official offered by one affected by interest.

[13] A different rule prevails in respect to the admissibility of acts and declarations of public officials and agents from those ordinarily governing in the case of private agents. The succeeding governmental agency or public authority is bound, in such case, only as it manifestly appears that the public agent was acting within the scope of his authority, or of the authority which he had been held out as possessing, to do the act, or that he was employed in his capacity as a public agent to do the act or make the declaration for the government. Story on Agency (6th Ed.) § 307a; Lee v. Munroe, 7 Cranch (U. S.) 366, 3 L. Ed. 373. The reason for the rule governing the competency of acts and declarations of the public agent is that it is better that an individual should occasionally suffer from the mistakes of public officers or agents than that a rule should obtain whereby, through improper combinations or collusion, such matters might be turned to the detriment and injury of the public. Mayor v. Eschbach, 18 Md. 276, 282; Whiteside v. United States, 93 U. S. 247, 23 L. Ed. 882. The rule is briefly stated as follows: While individuals are liable to the extent of the power they have apparently given to their agents, a government is liable only to the extent of the power it has actually conferred upon its officers. The Floyd Acceptances, 7 Wall. (U. S.) 666, 19 L. Ed. 169; 6 Rose's Notes, U. S. Rep. 1060; Delafield v. State, 26 Wend. (N. Y.) 192; Clark v. City of Des Moines, 19 Iowa, 199, 87 Am. Dec. 423; State v. Hays, 52 Mo. 578; Mayor v. Reynolds, 20 Md. 1, 83 Am. Dec. 535; Moore v. Bettis, 11 Humph. (Tenn.) 67, 53 Am. Dec. 771, 777, 778, note. It follows that in dealing with a person acting in an official capacity, individuals must take notice of the extent of the authority of such person, and that, failing so to do, their ignorance will furnish no excuse for any mistake. For example, where the statute, as here, limits expenditure for publication to the cost of its appearance in one newspaper only, neither the officers nor the contractors can go beyond its terms. This being true, the claimant of any sum beyond the limit fixed by the law is deemed in law to have contracted with such public officer for the excess at his own risk. Hull v. Marshall County, 12 Iowa, 142; Curtis v. United States, 2 Nott. & H. (Ct. of Claims), 144; 2 Jones on Evidence, § 256a; Hughes on Evidence, § 11; 1 R. C. L. § 54, p. 514; Fox v. Manchester, 183 N. Y. 141, 75 N. E. 1116, 2 L. R. A. (N. S.) 474; Mitchell v. Rockland, 41 Me. 363, 66 Am. Dec. 252; Burlington v. Calais, 1 Vt. 385, 18 Am. Dec. 691.

One of the earliest cases we have found stating this rule, is that by Mr. Justice Livingston (February 26, 1813), Lee v. Munroe, 7 Cranch (U. S.) 366, 3 L. Ed. 373, where the statement is in this language:

"If the commissioners acted fraudulently, which is not pretended, they may be personally liable in damages to the plaintiff; but if it were a mistake, and such it is represented to be, the court has already said that the interests of the United States cannot, and ought not, to be affected by it. Were it otherwise, an officer intrusted with the sales of public lands, or empowered to make contracts for such sales, might by inadvertence, or incautiously giving information to others, destroy the lien of his principals on very valuable and large tracts of real estate, and even produce alienations of them without any consideration whatever being received. It is better that an individual should now and then suffer by such mistakes than to introduce a rule against an abuse, of which, by improper collusions, it would be very difficult for the public to protect itself."

An examination of the statement of this rule in a later (9th) edition of Story on Agency, § 307a, will show that it is rested on the foregoing quotation made from Lee v. Munroe, supra.

By section 14 of the act of 1915 (Gen. Acts, pp. 239, 242) the duty is imposed on the judge of probate to make from the registration lists correct alphabetical lists of all the electors registered by precincts or districts of precincts, as the case may be, and to officially certify the same to be a full and correct copy of the list of registered electors for each precinct, or district, or subdivision thereof, and also to compare such official list of registered electors with the poll tax lists which have been furnished him by the tax collector, and ascertain from such comparison the names of such persons on the official lists of registered electors as have failed to pay any poll tax which they are legally due, and by such comparison and other available information "make correct alphabetical lists of all of the qualified electors registered by precincts and of districts of precincts where precincts have been divided or subdivided, and who have paid all poll tax due." By the same act and section such judge is required and empowered, when such lists are so made up, to publish the same in some newspaper with a general circulation in the county, etc.; and his compensation for the enumerated services fixed, with the requirement that it shall be paid out of the county treasury. Such being the statutory au-

201 ALA.—28

thorization, the governmental agency, the county of Houston, is liable in this case only to the extent of the exercise by its official of the power the law had actually conferred on him, to authorize the publication, and see to the payment therefor by the county. In the discharge of this official duty the judge of probate was authorized by the statute to make declaration or admission against the county of the justness of Deal's claim; that is to say, to admit that the claim of the Dothan Home Journal filed with the board of revenue during the incumbency of Judge Crawford was a valid claim against the county and would have to be paid by the county; or to direct such payment.

[14] It has long been the rule that where a cause is tried by the court without a jury, the admission of illegal evidence raises the presumption of injury, and requires the reversal of the judgment unless the remaining evidence is without conflict and is sufficient to support the judgment. When this announcement was made by Mr. Justice McClellan, in First National Bank of Talladega v. Chaffin, 118 Ala. 246, 24 South. 80, it overruled many cases, one of which was as early as Bogle v. Bogle, 23 Ala. 544. The rule has been adhered to in recent decisions. Brandon v. Progress Dist. Co., 167 Ala. 365, 52 South. 640; Shriner v. Meyer, 171 Ala. 112, 55 South. 156, Ann. Cas. 1913A, 1103.

We are of the opinion that the cause should be retried, for the errors committed in the exclusion, and in the admission of evidence, pointed out.

The judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.