(84 South. 399)

ACHA HERMANOS Y CIA v. ROSENGRANT. (1 Div. 326.)*

(Court of Appeals of Alabama. Nov. 11, 1919. Rehearing Denied Dec. 16, 1919.)

1. PLEADING ☞299—VERIFIED ACCOUNT ADMISSIBLE WHEN AFFIDAVIT DENYING CORRECTNESS NOT FILED IN TIME.

In assumpsit for goods sold, it was not error to admit in evidence a verified account where the affidavit denying its correctness was not filed within the time allowed for pleading under Acts 1915, p. 609.

2. PLEADING ☞299 — REFILING AFFIDAVIT DENYING CORRECTNESS OF ACCOUNT NOT FILED IN TIME HELD PROPERLY REFUSED.

In an action for assumpsit, where an affidavit denying the correctness of the verified account was not filed within the time limited by Acts 1915, p. 609, it was not error to refuse to allow defendant to refile such affidavit.

3. PAYMENT ☞63(1) — CLAIM FOR EXPENDITURES SHOULD BE PRESENTED AS SET-OFF.

In assumpsit for goods sold, a claim of defendants for expenses incurred in plaintiff's behalf in an effort to resell the goods is not admissible under a plea of payment, as such matters should be presented as a set-off.

4. APPEAL AND ERROR ☞1056(6) — WHERE EXCLUDED TESTIMONY WOULD NOT HAVE CHANGED RESULT, THE ERROR IS HARMLESS.

Although there be error in the exclusion of testimony, such error is without injury where, even with the testimony in, the opposite party would nevertheless have been entitled to an affirmative charge.

5. APPEAL AND ERROR ☞1078(4)—ASSIGNMENTS NOT INSISTED ON WAIVED.

Where assignments of error as to charges given and refused are not insisted on in brief and argument, they will be treated as waived.

⸻

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 199 Ala. 152.    [2] 199 Ala. 388.    *Certiorari denied 204 Ala. 85, 85 South. 265.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Assumpsit by George M. Rosengrant against Acha Hermanos y Cia, begun by attachment, and resulting in judgment for plaintiff, from which the defendant appeals. Affirmed.

The complaint was filed December 13, 1915, and the affidavit denying the correctness of the count was filed May 15, 1917. On the trial of the cause the defendant offered to refile the affidavit denying the correctness of the count which was filed May 15, 1917, but the court declined to permit the refiling. The suit was over the price of certain staves shipped by the plaintiff to the defendant from Mobile, Ala., to Balboa, Spain. The letters and cablegrams referred to had reference to the unsettled conditions because of the war, the change of banking conditions, and other things as an excuse for failure to take and pay for the staves. The items of expense seem to have been expenses incurred by the defendant in an effort to resell or to place the staves after their arrival. The other facts sufficiently appear.

Rich & Hamilton, of Mobile, for appellant.

Counsel discussed assignments of error in the order in which they appear, but without specific citation of authority.

Palmer Pillans and Alexis T. Gresham, both of Mobile, for appellee.

Plaintiff was entitled to the affirmative charge in this case. 147 Ala. 561, 41 South. 78; 7 Ala. App. 349, 62 South. 245.

BRICKEN, J. This was a suit by appellee against appellant and was filed on December 13, 1915.

The complaint consisted of two counts, the first being upon open account, and the second for goods, wares, and merchandise sold by the plaintiff to the defendant. There was an indorsement upon the complaint:

"The account sued on above is itemized and verified by affidavit and is filed simultaneously with this complaint."

On May 15, 1917, the defendant filed an affidavit denying the correctness of the account sued on. The case was tried upon the pleas of the general issue, accord and satisfaction, and payment. There was judgment for the plaintiff, and defendant appeals to this court.

[1, 2] There was no error in admitting the verified account in evidence. The affidavit denying its correctness was not filed within the time allowed for pleading. Acts 1915, p. 609. Nor was there error in refusing to allow defendant to refile said affidavit.

We have carefully examined the record, and are of the opinion that the plaintiff was entitled to the affirmative charge, and that there was no error on the part of the court in giving the affirmative charge requested in writing by plaintiff. There was no evidence sustaining the pleas of defendant. Even if it should be held that the court erred in its rulings upon the evidence complained of, the plaintiff was still entitled to the affirmative charge.

We are unable to see how the letter of August 29, 1914, could shed any light on the transaction, and the court properly sustained objection to it as evidence.

[3] There was no error in refusing to allow defendants to introduce the claim for expenses. Such matter should have been presented as a set-off.

There was no error in allowing the plaintiff to introduce the copy of the cablegram to the Bank of Viscaya, as it was made to the bank in response to the cablegram from defendants.

[4] Although there might have been error in the rulings of the court upon the evidence complained of by defendants, still it would have been error without injury, because, even with such testimony in, the plaintiff would have been entitled to the affirmative charge.

[5] The assignments of error as to the charges given and refused are not insisted upon by appellant in brief and argument, and will be treated as waived.

The judgment of the circuit court is affirmed.

Affirmed.