(100 South. 205)

### FARRELL v. ANDERSON–DULIN–VARNELL CO. (8 Div. 644.)

(Supreme Court of Alabama. April 17, 1924. Rehearing Denied May 15, 1924.)

**1. Account, action on ⬒11—Bookkeeper's affidavit held sufficient to render account admissible.**

An affidavit by plaintiff's bookkeeper attached to statement of account stating that affiant "has personal knowledge of correctness" of the account due, his employer adding "as he verily believes," showed sufficient personal knowledge to render the account admissible under Code 1907, § 3970, as amended Act 1915, p. 609.

**2. Depositions ⬒64(3)—Answer to question held not objectionable as not responsive.**

Answer, to question as to whether witness knew of his "own personal knowledge that J. was indebted to plaintiff at time of said transaction," that "J. was indebted to plaintiff at time transaction took place" held not objectionable as not responsive.

**3. Depositions ⬒110—Refusal of general motion to exclude entire deposition cannot put court in error, if partially competent.**

Refusal of a general motion to exclude an entire deposition, or to exclude all interrogatories to a witness, cannot put trial court in error, if any of the testimony is competent.

**4. Appeal and error ⬒1050(1) — Whether vendee assuming debts had paid other creditors instead of plaintiff held immaterial.**

Whether vendee of a business assuming certain debts of vendor had paid creditors whom vendor stated that he owed, instead of plaintiff, was not material where defendant had opportunity to prove that plaintiff's account was not included in his assumption of liability.

**5. Trial ⬒234(4)—Hypothetical instruction directing verdict no invasion of jury's province.**

Instruction hypothesizing certain facts, and directing verdict for plaintiff if jury should find them, held not to invade province of jury.

**6. Contracts ⬒187(3)—Buyer, assuming as part of consideration seller's debt to third person, held suable by latter.**

Where defendant, on purchasing business, as part consideration, assumed certain debts of vendor including plaintiff's debt, plaintiff, having assented to transaction, could sue for money had and received.

**7. Contracts ⬒187(5) — Facts held sufficient to show acceptance by plaintiff of agreement by buyer to pay seller's debt to him.**

Where vendee of a business assumed vendor's debts, acceptance of the agreement by

vendor's creditor, sufficient to enable him to recover from vendee, could be implied from his letter to vendee demanding payment as well as by his bringing suit.

### Upon Rehearing.

**8. Trial ⟨key⟩256(6)—One complaining of charge as misleading should request explanatory charge.**

Where evidence conflicting in assumpsit as to exact amount due, if charge open to construction that jury are directed to find some specific amount, an explanatory charge should be requested.

**9. Trial ⟨key⟩260(1)—No reversal for refusal of general charges covered by oral charge.**

Reversal cannot be had for refusal of general charges covered by the oral charge.

Appeal from Circuit Court, Madison County; James E. Horton, Jr., Judge.

Action in assumpsit by the Anderson-Dulin-Varnell Company against J. R. Farrell. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

The verified statement of account is as follows:

"Statement Anderson-Dulin-Varnell Company
"Knoxville, Tenn., March 1, 1922.

"J. R. Farrell, Huntsville, Ala.

"Interest after maturity.

| 1920. | | | |
|---|---|---|---|
| July 9. | 4 piece silk 15-57¾ 60%-61⅔ 1.60 | | $311 60 |
| July 31. | 5 dozen hair nets at 1.00 | | 5 00 |
| | 4 dozen handkerchiefs at .90 | | 3 60 |
| | 10 dozen handkerchiefs at 1.25 | | 12 50 |
| | Postage | | 26 |
| | Insurance | | 08 |
| | Interest | | 27 16 |
| | | | $360 20 |

"State of Tennessee, County of Knox.

"Personally appeared before the undersigned, a notary public in and for said county duly commissioned and sworn, D. F. Rightsell to me well known and made oath in due form of law, that the within account against J. R. Farrell amounting to ($360.20) three hundred sixty and 20/100 dollars, is justly due Anderson-Dulin-Varnell Co., Inc., of which firm he is bookkeeper, and that he has personal knowledge of the correctness of same, after the allowance of all credits of which the said J. R. Farrell is entitled as he verily believes.

"[Seal.] D. F. Rightsell.

"Subscribed and sworn before me this 1st day of March, 1922.

"W. A. De Groat, Notary Public."

It appears that the merchandise in question was sold by the plaintiff to J. M. Willis; that Willis sold his stock of goods, including these in suit, to the defendant, a part of the consideration for the sale being defendant's assumption of certain indebtedness owed by Willis, and that Willis prepared a written statement of the debts to be assumed by defendant, including that in suit, which statement was signed by defendant.

Defendant denied that the account in suit was embraced in the statement signed by him.

Charge 1, given at plaintiff's request, is as follows:

"1. If you believe from the evidence that the defendant agreed with J. M. Willis to pay the plaintiff the amounts shown on the list marked Exhibit A, to the deposition of J. M. Willis, as a part of the consideration of his trade with J. M. Willis, you must find for the plaintiff."

White & Watts, of Huntsville, for appellant.

Affidavit to verified account must be sworn to positively, and not on information and belief. Acts 1915, p. 609; Fitzpatrick v. Hays, 36 Ala. 684; 1 C. J. 666; 25 C. J. 354. The credibility of evidence must be left to the jury, even where it is undisputed. It is a question for the jury as to how much Willis owed the plaintiff. Citizens' Bank v. Buckheit, 14 Ala. App. 511, 71 South, 82; So. Ry. Co. v. Ellis, 6 Ala. App. 441, 60 South. 407; Davidson v. State, 63 Ala. 432; Thomas v. Smoot, 2 Ala. App. 407, 56 South. 1; Second National Bank v. Smith, 91 N. J. Law, 531, 103 Atl. 862, 1 A. L. R. 470: 38 Cyc. 1521; 8 A. L. R. 796. An action for money had and received will not lie, unless the defendant had received money belonging to the plaintiff, or to which he is entitled in equity and good conscience. Finney v. Studebaker Corp., 196 Ala. 422, 72 South. 55: Moss v. Summit County, 60 Utah, 252, 208 Pac. 507, 26 A. L. R. 206; 3 Page on Contr. (2d Ed.) § 1480; 2 Elliott on Contr. § 1375; Westmorland v. Davis, 1 Ala. 299.

Griffin & Ford, of Huntsville, for appellee.

An affidavit of account, avering personal knowledge of affiant of the correctness of the account, is sufficient. Acts 1915, p. 609; Empire Clothing Co. v. Roberts, Johnson & Rand, 16 Ala. App. 86, 75 South. 634; 1 C. J. 355. A third party may maintain assumpsit on a promise made for his benefit and supported by a consideration. Huckabee v. May, 14 Ala. 263; 13 C. J. 707. Action for money had and received may be maintained, even though the defendant did not actually receive money. Dorsey v. Peppers, 202 Ala. 321, 80 South. 403.

ANDERSON, C. J. [1] The affidavit to the account was sufficient to render it admissible as evidence under section 3970 of the Code of 1907 as amended by the Act of 1915, p. 609. The affiant was bookkeeper of the plaintiff, and the affidavit sets up this fact and that he has personal knowledge of the correctness of the account after the allowance of all credits, of which the said J. R. Farrell is entitled "as he verily believes." Of course, the affidavit·

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

must be based upon personal knowledge, but we think this one shows that it was and that the same was sufficiently positive notwithstanding the addition of the words "verily believes." His belief is not based upon information, but upon his personal knowledge. "Where the essential facts have been stated positively, an additional statement of information and belief is harmless." 2 C. J. 355. Here the additional statement does not contain the word "information," but is a positive statement of belief based upon personal knowledge. Moreover, this was not the exclusive method of proving the account, and Willis proved the correctness of same in his deposition which preceded the introduction of said account. Sullivan Timber Co. v. Brushagle, 111 Ala. 114, 20 South. 498.

[2] Assignment of error 3 goes to the failure of the court to exclude the answer to the following interrogatory to witness De Groat:

"Do you know of your own personal knowledge that J. M. Willis was indebted to the plaintiff at the time of said transaction between himself and J. R. Farrell?"

The answer was:

"J. M. Willis was indebted to the plaintiff at the time the transaction took place."

This was, in effect, an affirmative answer to the question and the only ground assigned for the exclusion of same was that it was "not responsive to the question."

[3] Assignment of error 2 goes to the refusal of the court to exclude the entire deposition of W. A. De Groat. It is sufficient to say all of said testimony was not illegal, even if any of it was, and if any of it was proper the trial court cannot be put in error for overruling the general motion. For like reason the trial court cannot be put in error under assignment of error 4, which goes generally to all of the interrogatories to witness De Groat.

[4] As to whether or not defendant had paid other people that Willis stated he owed was not material as the trial court offered to let him prove that the plaintiff's account was not included.

[5] There was no error in giving the plaintiff's requested charge 1. It did not invade the province of the jury, but hypothesized and presented to them the real issue in the case whether or not defendant agreed as a part of the consideration of the trade to pay plaintiff the claim as embraced in the statement Exhibit A, as testified by Willis and which was denied by the defendant.

[6] It is next urged, in brief of appellant's counsel, that the defendant's general charge should have been given for the reason that the proof does not justify the right to maintain an action for money had and received, that the facts do not establish an implied contract, and if there was a contract at all it was an express one between defendant and Willis to which the plaintiff was neither a party nor privy. It was held in our early case of Huckabee v. May, 14 Ala. 263, which has been often cited and followed, that, when one sold or traded a thing of value to another, and the consideration or a part thereof was the assumption of a debt owing from the vendor to a third person by the vendee, and the third person assented thereto while the promise remained in force, the third person may sue in his own name for money had and received though he may not have been otherwise a party to the contract. The price the defendant agreed to pay included the debt due from Willis to the plaintiff, and as to this extent it could have been considered in no other light than as a fund in the defendant's hand for this purpose. Having in his hands money to which the plaintiff was entitled it may declare in assumpsit for same. See, also, Moore v. First National Bank of Florence, 139 Ala. 595, 36 South. 777, and cases there cited.

"A suit for money had and received is in the nature of an equitable action, and is maintainable whenever one person has money which ex æquo et bono belongs to another * * * and it is not always necessary that actual money shall have been received. If property, or anything else, be received as the equivalent of money, by one who assumes to cancel or dispose of a property right, for which, by contract, or liability, legal or equitable, it is his duty to account to another, the latter may treat the transaction as a receipt of money, and sue for it as such." Barnett v. Warren & Co., 82 Ala. 557, 2 South. 457.

[7] An acceptance by the plaintiff of the arrangement between defendant and Willis while the contract was in force could well be implied from the letter to defendant demanding the payment of its claim as well as by bringing the present suit.

The case of Westmoreland v. Davis, 1 Ala. 299, is quite unlike the present one. There the court held there was no implied contract as the defendant was a lunatic, nor was there an express one made by one sui juris for the benefit of a third person as in the present case.

The judgment of the Circuit Court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and MILLER, JJ., concur.

On Rehearing.

ANDERSON, C. J. [8] It is urged upon rehearing that the trial court erred in giving plaintiff's charge 1, for the reason that there was a conflict in the evidence as to the exact amount due that the jury could infer from a certain letter that plaintiff claimed less than the amount sued for or than the amount embraced in the statement claimed to have been signed by the defendant. It is

sufficient to say that the charge did not instruct a finding for any specific amount and therefore left this question open for the jury to determine. If the charge was misleading in this respect, it should have been explained by a counter charge.

[9] It is next insisted that while the opinion may be correct in holding that the plaintiff could recover under count 3, for money had and received, that defendant was entitled to the general charge as to counts 1 and 2, as for an account and for goods sold. The original brief merely argued the general proposition that the facts would not support an action for money had and received, and we so treated the question. It may be assumed, however, that as all three of the counts were mentioned in the brief that there was an insistence of error as to the refusal of the general charge as to counts 1 and 2 respectively. The trial court cannot be reversed for the refusal of these charges for the reason that they were in effect given or covered by the oral charge, wherein the court instructed the jury that they could not find for the plaintiff unless the defendant agreed to pay the claim as a part of the consideration of the trade between him and Willis.

The application for rehearing is denied.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.