169 So. 22

### EDWARDS v. STATE.
### 8 Div. 329.

Court of Appeals of Alabama.

June 16, 1936.

Lanier, Price & Shaver, of Huntsville, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, Judge.

The trial was had before the judge sitting without a jury. There were many objections and exceptions to introduction of evidence. Some of these rulings may have

constituted technical error, but, eliminating all of the questionable testimony, the remaining evidence is without conflict and sufficient to support the judgment. The rule in such cases is: "Where a case is tried by a judge without a jury, the admission of illegal evidence raises the presumption of injury, just as in cases tried before a jury, and requires the reversal of the judgment, unless the remaining evidence is without conflict and is sufficient to support the judgment." Booker v. State, 23 Ala.App. 78, 121 So. 3, 4; Deal v. Houston County, 201 Ala. 431, 78 So. 809, 812.

The evidence in this case is without conflict that there was found by the officers about five gallons of beer in an icebox in the coalhouse attached to the residence in which lived the defendant with her husband. This beer was shown to have been a beverage condemned by section 4615 of the Code of 1923, which is still the law, as modified by an Act of the Legislature 1932. Gen. Acts 1932, Ex.Sess., p. 56. Abernathy v. State, ante, p. 74, 165 So. 787. The evidence is also without conflict that the beer did not comply with the requirements of section 2 of the act, supra, so as to give protection to defendant in its possession.

Section 4615 of the Code is modified, but only to the extent as is set out in the statute, and, when the liquor or beverage possessed or sold by a defendant charged with a violation of the prohibition law is not in pint bottles, containing twelve fluid ounces of same to the bottle thereof, which bottle shall be hermetically sealed and labeled by the manufacturer with the label plainly showing the name of the product, the name and place of the manufacturer, the ingredients of the contents, including the amount of alcohol, if any, the bottle also to bear the licensed stamp label of the manufacturer, dealer, distributor, or retailer, as may be prescribed by law, and also to bear the manufacturer's stamp imprinted permanently into the bottle, then it becomes unnecessary to inquire on the trial whether the alcoholic content is more than one-half of 1 per cent. When, however, the liquor or beverage is shown by the evidence to meet the above requirements of section 2 of the Act of the Legislature, passed over the Governor's veto October 6, 1932, and above cited, the inquiry as to the alcoholic content becomes a question in the case to be proven by the state beyond a reasonable doubt.

It is insisted in brief of counsel that a guilty scienter is not shown by the evidence. There would have been some pith in this contention, but for the fact that the husband of the defendant, when being examined as a witness, testified that the beer or beverage was the property of his wife, thus furnishing evidence of possession in defendant.

We find no error in the record, and the judgment is affirmed.

Affirmed.