301 So.2d 171

Donald APLIN

v.

**SWIFT AGRICULTURAL CHEMICALS CORPORATION, a corporation.**

**Civ. 362.**

Court of Civil Appeals of Alabama.

Aug. 14, 1974.

Rehearing Denied Sept. 11, 1974.

**410**

James M. Prestwood, Andalusia, for appellant.

Albrittons & Rankin, Andalusia, for appellee.

HOLMES, Judge.

This is an appeal from a judgment of the Circuit Court of Covington County.

The plaintiff, appellee here, brought suit against the defendant, appellant, and his mother for money due from them by account and for money owed for merchandise sold by plaintiff to defendant. The trial court, sitting without a jury, heard testimony and thereafter rendered judgment in favor of defendant's mother and in favor of plaintiff against the defendant in the amount of $4,470.78. A motion for new trial was made by the defendant and subsequently overruled by the trial court. Hence, this appeal.

Defendant contends in his first assignment of error that plaintiff failed to make out a prima facie case. This contention is bottomed on the premise that plaintiff's entire evidence in chief, consisting of a complaint and a verified and itemized account attached thereto pursuant to Tit. 7, § 378, Ala.Code (1940), failed to make out a prima facie case because the defendant filed a counter-affidavit pursuant also to Tit. 7, § 378, Code of Ala. (1940). The cornerstone of defendant's argument regarding this assignment of error is that a valid counter-affidavit was filed by defendant. Defendant's other argued assignments of error are to the effect that the plaintiff's affidavits filed with his complaint are not properly verified.

The plaintiff, to defendant's first contention, argues that there was no counter-affidavit filed in compliance with Tit. 7, § 378, Ala.Code (1940).

Tit. 7, § 378, Ala.Code (1940), in pertinent part provides as follows:

> "In all suits upon accounts, an itemized statement of the account, verified by the affidavit of a competent witness, taken before, and certified by a notary

public or any officer having authority under the laws of this or another state to take and certify affidavits, is competent evidence of the correctness of the account, if the plaintiff, at the time of bringing his suit files with his complaint or other initial pleading such verified itemized statement and indorses on the summons or complaint, or other original process, the fact that the account is verified by affidavit; unless the defendant, within the time allowed him for pleading, files in the cause an affidavit denying on information and belief, the correctness of the account, which affidavit of defendant shall state whether or not the defendant denies liability, and whether or not he disputes the whole account or only a part or parts or an item or items thereof, and if defendant disputes only a part or parts or an item or items of the account, and not the whole account, he shall state in such affidavit what parts or items are disputed by him, and the verified account so filed and noted by the plaintiff shall be competent evidence of the correctness of all parts and items of the account not disputed by defendant's affidavit. . . . ."

The counter-affidavit filed in the case now before us is as follows:

"Now come the Defendants who challenge and dispute the correctness of the itemized account filed in this case and demand strict proof thereof without waiving their right to challenge the affidavit of the plaintiff in support of the itemized account."

■ Tit. 7, § 378, Ala.Code (1940), and the cases interpreting same are clear that where the account offered by the plaintiff meets all the requirements of § 378 and no counter-affidavit is introduced and no other evidence is offered, then the plaintiff is entitled to a judgment. See Benson & Co. v. Foreman, 241 Ala. 193, 1 So.2d 898.

■ While the arguments of able counsel for the defendant-appellant are persuasive, they are not convincing. The statute is clear that the counter-affidavit "shall state . . . whether or not he disputes the whole account or only a part or parts, etc.". These words, as used, appear to be mandatory and not permissive and with good reason. The purpose of the entire statute is clearly to narrow the point of controversy, and this is as it should be in an age of "long distance" merchandising.

■ The counter-affidavit, as set out herein above, does not, to this court, comply with the requirements of Tit. 7, § 378, Ala.Code (1940), so as to prevent the plaintiff from making out a prima facie case by use of a verified account.

We further note that after the defendant rested his case the plaintiff called as his witness the local manager of the plaintiff company. This witness's testimony in itself, as we view it, would make out a prima facie case and, therefore, any error committed by the trial judge regarding the introduction of the verified account would be harmless error. See Supreme Court Rule 45.

Appellant next contends that the plaintiff's affidavit is not in compliance with Tit. 7, § 378, Ala.Code (1940), in that correctness of the account is not based upon the "personal knowledge" of the person making the affidavit and cites to us Farrell v. Anderson-Dulin-Varnell Co., 211 Ala. 238, 100 So. 205.

The plaintiff's affidavit is from the credit manager of plaintiff company and in pertinent part is as follows:

"[T]hat he is familiar with the account of Donald Aplin, and the attached itemized account of the said Donald Aplin and Louise Aplin is true and correct after allowing all offsets, payments and credits whatever and that the balance of $4,477.32 shown by said account was justly due and unpaid on December 20, 1970, and that said balance, with interest thereon, is justly due and still unpaid,

**412**

and is the property of Swift Agricultural Chemicals Corporation."

 As we read the statute in question and *Farrell, supra,* there is no requirement that the affidavit contain the precise words, "personal knowledge." It is only necessary that the affiant have based the affidavit on personal knowledge of the account rather than hearsay or as opposed to basing it on information and belief. Here, the affiant is the credit manager for the corporation and his stating that he is "familiar" with the account in question is, to this court, compliance with the statute.

Again, we would here note that in view of the local manager's testimony any error in the affidavit would appear to be harmless error. See Supreme Court Rule 45.

The appellant's final contention arises, as best we can surmise, upon the following circumstances. On the day of trial it was discovered that the invoices "attached" to the complaint had become misplaced. The trial court allowed the plaintiff's attorney to file photostatic copies which were contained in the attorney's file to the complaint. It appears that these were copies of the invoices which were originally attached to the complaint.

Defendant-appellant contends, without citing any authority, that the credit manager's affidavit could not have been properly verified since different copies are not attached. We cannot agree. Under the circumstances, we can perceive of no reversible error in the trial court's action. Suffice it to say that in a suit on an itemized verified account, under Tit. 7, § 378, Ala.Code (1940), where the evidence adduced before the judge trying the case without a jury was developed *ore tenus,* or partly so, the findings of the court will not be disturbed, unless plainly contrary to the great weight of the evidence. See Deal v. Houston County, 201 Ala. 431, 78 So. 809. And we would again note that the local

manager's testimony would appear to make any error committed harmless.

The case is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.