MADDOX, Justice.
The issue in this case is whether a plaintiff is always entitled to have summary judgment entered in its favor when it makes out a prima facie case of a debt owed to it by attaching a verified statement of account to its complaint, as permitted by Ala.Code 1975, § 12-21-111, and the defendant fails to file a counteraffidavit as required by that statute. We hold that § 12-21-111 is only an evidentiary rule and that the prima facie case may be rebutted by other means outside the scope of the statute.
On December 21, 1987, Merchant’s Printers, Inc. (Merchant’s), sued Vulcan Publications, Inc.; a partnership known as Vulcan Publications; and the partnership’s three alleged partners, claiming that the defendants owed it $26,525.45 due by verified account, plus interest and costs. As permitted by the provisions of Ala.Code 1975, § 12-21-111, Merchant’s attached a “statement of account” to the complaint. On March 16, 1988, Merchant’s filed a motion for summary judgment, which the trial court scheduled for a hearing, but before the date set for the hearing the defendants filed discovery requests, and they later filed an affidavit by one Dennis Johnson in opposition to the motion for summary judgment, in which Johnson stated, among other things, that Merchant’s had breached the contract that formed the basis for the alleged debt.[1] Later, on March 30, 1988, Vulcan Publications, Inc., filed its answer and asserted a counterclaim against Merchant’s. The trial court never ruled on the motion for summary judgment filed by Merchant’s.
On April 11, 1991, the three alleged partners of the alleged partnership moved for summary judgment based on the claim that such a partnership did not exist. The trial court granted the motion.
On April 30,1991, Merchant’s filed a new motion for summary judgment.[2] In response, Vulcan Publications, Inc., filed a brief in opposition to the motion; affidavits of Douglas Moore, the president of Vulcan Publications, Inc.; Joel Ellis, a former employee of Merchant’s; and various documents produced by Merchant’s Printers under a production order. The trial court never ruled on the motion, but instead set the case for a trial.
After the trial, the court entered judgment in behalf of Vulcan Publications, Inc., on the claim by Merchant’s and a judgment in behalf of Merchant’s on Vulcan Publications’ counterclaim. Merchant’s appealed.
*1324 The sole claim by Merchant’s here is that the trial court erred in refusing to grant its initial motion for summary judgment; Merchant’s contends that when it made that motion it made a showing that it was entitled to a judgment as a matter of law at that time. Merchant’s says that because it filed a verified statement of account, as permitted by Ala.Code 1975, § 12-21-111, and Vulcan Publications did not dispute that statement, the trial court was duty-bound to grant it a judgment. We disagree.
Section 12-21-111, upon which Merchant’s relies, states in pertinent part:
“In all actions upon accounts, an itemized statement of the account, verified by affidavit of a competent witness, taken before and certified by, a notary public or any officer having authority under the laws of this or another state to take and certify affidavits, is competent evidence of the correctness of the account if the plaintiff, at the time of bringing his action, files with his complaint such verified itemized statement and endorses on the complaint the fact that the account is verified by affidavit. Unless the defendant, within the time allowed him for pleading, files in the case an affidavit denying on information and belief the correctness of the account, which affidavit of the defendant shall state whether or not the defendant denies liability and whether or not he disputes the whole account or only a part or parts or an item or items thereof ..., the verified account so filed and noted by the plaintiff shall be competent evidence of the correctness of all parts and items of the account not disputed by defendant’s affidavit.”
• Based on this record, we conclude that the trial court correctly refused to enter summary judgment in favor of Merchant's.
Merchant’s presented an itemized statement of an account, verified by the affidavit of a competent witness taken before a notary public. Unless Vulcan Publications, Inc. filed an affidavit stating that it disputed the account, in whole or in part, the trial court would consider Merchant’s account as “competent evidence of the correctness” of the account.
Section 12-21-111 states that the defendant must file his counteraffidavit “within the time allowed him for pleading.” A.R.Civ.P. 12(a) requires the defendant to file his answer within 30 days of service of the complaint. Merchant’s filed its complaint, accompanied by a verified account, on December 21, 1987, and the record shows that Vulcan did not file its counter-affidavit to the verified account “within the time allowed ... for pleading. The failure of Vulcan to timely file a counteraffidav-it required the trial court to consider the plaintiffs statement of the amount due to be “competent evidence of the correctness of the account.’’[3] Ala.Code 1975, § 12-21-111. See Nahrgang v. W.K.R.G. Radio Station, 38 Ala.App. 323, 83 So.2d 733, 735 (1955); Acha Hermanos y Cia v. Rosengrant, 17 Ala.App. 267, 84 So. 399 (1919).
We cannot agree with the argument that Merchant’s was entitled to a summary judgment, as a matter of law, because of the failure of Vulcan to file a counter affidavit within 30 days after Merchant’s filed its complaint containing the verified account. Section 12-21-111 upon which Merchant’s strongly relies, is merely an eviden-tiary rule. This rule was adequately described in Duck Brand Co. v. Douglass, 16 Ala.App. 437, 438, 78 So. 635, 636 (1918), as follows:
“This statute does not undertake to describe a cause of action, nor prescribe a defense to any action.... The effect of the statute is merely to provide a rule of evidence for the proof and denial of the correctness of an account.... The rule of evidence here laid down is cumulative and does not preclude the appellant from proving his claim otherwise.... [T]he defendant [has] the right to elect to defend as in simple account ... or to avail himself of the method of refuting appellant’s claim laid down in the statute; one or both.”
*1325 From this record and the pleadings filed, it is apparent that the defendants disputed the claim by Merchant’s.
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for entering a summary judgment. The rule requires that the trial court must determine that (1) there is no genuine issue of material fact, and (2) the moving party is entitled to a judgment as a matter of law.[4]
Merchant’s would have been entitled to a judgment only if Vulcan had offered “no other evidence” in its defense. See Alpin v. Swift Agricultural Chemicals Corp., 53 Ala.App. 409, 301 So.2d 171, 173 (1974).[5] The record reflects that Vulcan did indeed offer “other evidence” in its defense when it filed affidavits in opposition to Merchant’s motion for summary judgment.[6] Therefore, Vulcan sustained its burden of showing that there was a genuine issue of material fact in the cause. The trial court did not err, in view of all circumstances of this case involving disputed facts and counterclaims, in conducting a trial on the issues and in denying the plaintiff’s motion for summary judgment.[7].
The judgment of the trial court is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ„ concur.

. The affidavit provides the details for the defendants' claim regarding the one-year contract for printing services entered into between the parties and further discusses what the defendants contend was “the unilateral breach and repudiation of the contract by Merchant’s, resulting in damages to Vulcan far in excess of the sum claimed by Merchant’s.”

. There had been very little activity in the case from June 21, 1988, when Merchant’s filed a general denial to the answer and amended counterclaim filed by the defendants. The first trial setting was for November 13, 1990.

. Merchant’s argues that several affidavits filed by Vulcan in opposition to the account are inadequate to meet the substantive requirements of § 12-21-111. This argument is moot, because this Court has determined that Vulcan filed its counteraffidavit too late to dispute the correctness of the verified account.

. Because this action was not pending on June 11, 1987, Ala.Code 1975, § 12-21-12, mandates that the nonmovant meet its burden by "substantial evidence.” Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989).

. Merchant’s argues that because Vulcan filed its answer late, under Rule 8(d) all the allegations in the complaint were deemed admitted. We will not address this issue, because Merchant’s did not raise this argument in the trial court.

. While these affidavits were filed too late to dispute the verified account, they were sufficient to defeat the motion for summary judgment. See Welch v. Houston County Hospital Board, 502 So.2d 340 (Ala.1987) ("the content of the deposition or answers to the interrogatories must be asserted on the personal knowledge of the deponent or person giving the answers, must set forth facts that would be admissible in evidence, and must show affirmatively that the deponent or person giving the answers is competent to testify to the matters asserted”). Id. at 342. Regardless, Merchant’s does not question the admissibility of the depositions for use in opposition to a motion for summary judgment.

.Merchant's claims that the trial court erred by entering a judgment on behalf of Vulcan; however, Merchant’s did not adequately address that issue in its brief. Therefore, this Court will not address that issue.