# Dunn *v.* The State.

### *Violating Prohibition Law.*

(Decided June 9, 1913.  62 South. 996.)

1. *Charge of Court; Effect of Evidence.*—A charge asserting that the statute, making the keeping of liquors in a building not used exclusively as a private residence prima facie evidence that they were kept for sale, is not a charge on the effect of the evidence since it means only that if the evidence discloses such a fact, it is sufficient on its face to authorize a conviction, and does not have the effect of instructing the jury that any fact has been proved, or that the evidence does or does not establish certain facts in dispute.

2. *Same.*—Such a charge does not authorize a conviction before the jury is satisfied beyond a reasonable doubt of defendant's guilt, in view of the fact that the court expressly told the jury that they could not convict unless they were satisfied of his guilt beyond a reasonable doubt.

3. *Same; Covered by Those Given.*—It is not error to refuse requested charges that are substantially covered by written charges given.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Earl Dunn was convicted of violating the prohibition laws, and he appeals. Affirmed.

ERNEST LACY, for appellant. The charge given for the state was erroneous as a charge upon the effect of

[Dunn v. The State.]

evidence, and as authorizing a conviction without proof
of guilt beyond a reasonable doubt.—*Huffman v. State,*
29 Ala. 40; *Morrison v. State,* 151 Ala. 115; *Whittaker
v. State,* 105 Ala. 34; *Pearson v. State,* 99 Ala. 148;
*Heath v. State,* 99 Ala. 179; *Buchanan v. State,* 109 Ala.
11. Defendant was entitled to have the jury instructed
as requested by him.

R. C. BRICKELL, Attorney General, and W. L. MARTIN,
Assistant Attorney General, for the State. The charge
complained of simply instructed the jury as to what
made out a prima facie case authorizing a conviction,
and did not assert that any fact was proven, or that the
jury must find any fact to exist, and hence, was not
upon the effect of the evidence. In other charges, the
court plainly instructed the jury not to convict unless
they believed the defendant's guilt beyond a reasonable
doubt. The other charge requested were covered by de-
fendant's given charges.

THOMAS, J.—The defendant was charged with sell-
ing, offering for sale, keeping for sale, or otherwise dis-
posing of prohibited liquors. There was evidence for
the state tending to show, among other things, that on
the day of and shortly before his arrest defendant sold
a pint of whisky to one of the state's witnesses, and
that his premises (the store in which he was conducting
a restaurant and soda fountain) were searched and
11½ pints of liquor found therein. The court in its oral
charge, after instructing the jury on the subject of a
sale, then proceeded to instruct them on the subject of
keeping for sale as follows: "The Legislature has pass-
ed a rule of evidence in that respect, and I will read
that to you for guidance and try to explain it to you.
It is found in what is known as the Fuller Bill, passed

at the same session of the Legislature as the act I read
you. Section 4 reads: "That the keeping of liquors or
beverages that are prohibited by the law of the state
to be manufactured, sold, or otherwise disposed of, in
any building not used exclusively for a dwelling, shall
be prima facie evidence that they are kept for sale or
with the intention to sell the same contrary to law.'
That is a rule of evidence that the Legislature has leg-
islated into law that was not the law before the Legisla-
ture passed the act and made it the law. I do not know
that you understand the term 'prima facie' evidence.
Prima facie are two Latin words meaning at first view
or on its face (prima means first, and facie means face),
on the first blush or first view, so it simply means *that
if the evidence shows that liquors were kept in a build-
ing not used exclusively for a residence, if that was
shown, and the evidence closed then and no other evi-
dence was offered, it is sufficient on its face to warrant
a conviction.*" The defendant excepted to the last por-
tion of this charge, that portion which is in italics, and
urges in brief that it is erroneous: First, because it, as
insisted, is a charge upon the effect of the evidence, pro-
hibited by section 5362 of the Code; and, second, be-
cause it fails to state that the evidence of guilt must be
so strong as to convince the jury beyond a reasonable
doubt that defendant kept such liquors for sale or other
unlawful purpose.

A charge upon the effect of the evidence is a charge
which instructs the jury that certain facts in issue have
been proved or not proved, or that certain evidence in
the case does or does not establish a certain fact or
facts in dispute, or directs the jury what their finding
on an issue of fact must be if they believe the evidence
in the case, etc. See citations to section 5362 of the
Code. The charge criticised is clearly not a charge

upon the effect of the evidence but one merely in ex-
planation and illustration of the meaning of a rule of
evidence, given on a hypothesized state of facts. It was
neither an instruction to the jury that the evidence show-
ed that defendant kept prohibited liquors in a building
not used exclusively as a dwelling, nor was it an in-
struction that, if the evidence did so show, the jury must
find the defendant guilty; but it was the assertion of a
proposition of law given in defining the rule of evidence
mentioned, and correctly stated in effect that a jury
would be warranted in finding a defendant guilty of
keeping prohibited liquors for sale, not that they must
do so, when the evidence showed that he kept such liq-
uors in a building not used exclusively for a residence,
and when there was no other evidence in the case. The
law constitutes such evidence, when there is such a
prima facie case and holds such facts, when establish-
ed, sufficient to authorize a jury in believing beyond a
reasonable doubt that a defendant is guilty. This is
all that the charge undertakes to assert. Of course the
evidence tending to establish such fact must do so to the
satisfaction of the jury beyond a reasonable doubt, and
even then, before they can convict, they must believe de-
fendant guilty beyond a reasonable doubt. The charge
does not assert otherwise, and that the jury did not un-
derstand otherwise is made further clear from the fact
that the court subsequently in its oral charge fully and
correctly defined and instructed the jury upon the sub-
ject of reasonable doubt, and in this connection conclud-
ed as follows: "If you believe from the evidence beyond
a reasonable doubt that defendant violated the law as
I have read it to you, then it would be your duty to
convict him, and if the evidence does not show that
beyond a reasonable doubt, it would be your duty to
acquit him." We are of opinion that the jury were

properly instructed, and that the criticisms of that portion of the oral charge which was excepted to are entirely without merit.—*Pugh v. State,* 4 Ala. App. 148, 58 South. 936.

The only other error insisted upon is the refusal of the court to give written charge No. 3. Without considering possible defects in the charge, it is sufficient to say in justification of its refusal that it is covered by written charge 6 given at defendant's request.

We find no error in the record, and the judgment of conviction is affirmed.

Affirmed.