(112 So. 541)

**GLADDEN v. STATE.  (7 Div. 289.)**

Court of Appeals of Alabama.  April 19, 1927.

Charlie C. McCall, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

L. B. Rainey, of Gadsden, for appellant.

Charlie C. McCall, Atty. Gen., and W. M. Rayburn, Asst. Atty. Gen., for the State.

BRICKEN, P. J. A careful reading and consideration of the evidence in this case convinces us that the conviction of this appellant in the court below rested upon testimony of witnesses not shown to be competent to testify to the facts upon which the conviction is based. Appellant was indicted for a violation of section 3328 of the Code of 1923, which prohibits, and makes unlawful, the reckless driving of a motor vehicle upon the highways of this state, and by the introduction of its witnesses George Ashley and Jim Waldrop the state elected to proceed upon the act of the defendant complained of wherein the alleged reckless driving was in front of and along the road that passes the dwelling house of state witness Ashley; the alleged offense being committed in the month of February, 1926. The state having so elected, evidence of the alleged reckless driving of a motor vehicle at another time and place was not admissible upon this trial and should not have been allowed. Each separate act of such reckless driving constitutes a separate and distinct offense. Dennison v. State, 17 Ala. App. 674, 88 So. 211.

On rebuttal the state was allowed, over the objection and exception of defendant, to prove by its witness Jim Waldrop that in his judgment the defendant was a pretty reckless driver. This was but a mere conclusion of the witness and the ruling allowing such testimony was error. This witness testified: "I don't know nothing much about automobiles." Other witnesses for the state were likewise permitted to give expression of their judgment to the effect that defendant was a reckless driver, and one of them was permitted to testify: "They all get out of his way when they see him coming."

The evidence in this case should have been confined to the time and place of the alleged commission of the offense, and this evidence should have been limited to facts, as the conclusions, opinions, and judgment of the witnesses were incompetent, and insufficient upon which to predicate a judgment of conviction.

Refused charges 1 and 2 were not predicated upon the evidence; they were therefore properly refused.

We regard the ruling of the court in denying a new trial to defendant as error necessitating a reversal of the judgment of conviction from which this appeal was taken.

Reversed and remanded.