(121 So. 3)

## BOOKER v. STATE.  (8 Div. 783.)

Court of Appeals of Alabama.  March 19, 1929.

Robert Milner, of Huntsville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J. The offense charged against this defendant was the possession, etc., of prohibited liquor. A 40-gallon barrel containing liquid, shorts, corn, and sugar or molasses

was found in front of defendant's house, on Dr. Williams' place, near a hogpen. State's witnesses called the substance "still beer," from which whisky is made, and testified that it contained malt or sprouted corn, broken up; that it tasted and looked like it had alcohol in it; that some people drink beer that is made for distilling; that it would not make good hog feed; and that witnesses poured the stuff out and the hogs would not drink it. It appears that this barrel was located about 50 feet from defendant's house and about the same distance from the house of Dr. Williams.

Defendant's evidence tended to show that the barrel contained nothing more than hog feed or "slop," composed of shorts, corn, and molasses, unfit for human consumption; that it was prepared and fed to the hogs of Dr. Williams at the direction of Dr. Williams, who, as a witness, so testified. This witness testified further that he had bought and furnished the ingredients and had instructed defendant to keep the barrel full. Other witnesses testified that they had seen defendant feed the hogs out of this barrel up to the day preceding the raid.

On the cross-examination of defendant the solicitor was permitted to ask this question, over defendant's objection: "You have been convicted for manufacturing liquor, haven't you?" Defendant answered: "Yes, sir; I have been convicted."

■ The action of the trial court in overruling defendant's objection and requiring him to answer the question was erroneous. Violation of the prohibition law does not involve moral turpitude. A witness may not be discredited in such manner as here undertaken. Lakey v. State, 206 Ala. 180, 89 So. 605; Bertalsen v. State, 20 Ala. App. 539, 103 So. 480; Shields v. State, 20 Ala. App. 639, 104 So. 685, among others.

■ It is immaterial that no motion to exclude was made. It is no longer necessary to move to exclude the answer of a witness in order to put the court in error on his ruling on an objection to a question. Acts 1927, p. 636, § 2.

■ Where a case is tried by a judge without a jury, the admission of illegal evidence raises the presumption of injury, just as in cases tried before a jury, and requires the reversal of the judgment, unless the remaining evidence is without conflict and is sufficient to support the judgment. Deal v. Houston County, 201 Ala. 431, 78 So. 809; Springer v. Sullivan, 218 Ala. 645, 119 So. 851.

In our opinion, the error above pointed out was prejudicial to defendant's case, calling for a reversal of the judgment appealed from. It is so ordered.

Reversed and remanded.