145 So. 169

## PHILLIPS v. STATE.
### 5 Div. 900.

Court of Appeals of Alabama.
Dec. 20, 1932.

A. L. Patterson, of Alexander City, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

RICE, J.

Appellant was convicted of the offense denounced by Code 1923, § 3324—operating motor vehicle while intoxicated.

His automobile was parked on one of the streets of Alexander City on a Saturday afternoon. He got into it, backed it out from its parking place, and let it come into collision with a car occupied and driven by one Dan Harris.

The testimony on the part of the state tended to show that appellant was intoxicated at the time above. Appellant's testimony was to a contrary effect. The issues were for the jury.

One E. H. Chapman, a deputy sheriff, testified that he went, apparently immediately after the collision, to the scene of the occurrence; and that appellant and Harris were both there when he got there. He was asked by the solicitor this question: "Was Harris' car damaged there?" Upon objection by appellant's counsel, the solicitor explained that the question was put in that form for the purpose of fixing "the time and the place." Whereupon the court overruled the objection, and allowed the witness to answer the question; the answer being, "Yes, sir." We think, and hold, this action of the court to be reversible error. Proper exception was reserved.

There was eased into the evidence, without objection, the statement by Harris that appellant "never did have my (Harris') car fixed." Of course, it was immaterial to any issue in the case as to whether or not Harris' car was "damaged." But, even if it had not been, no witness should have been allowed to testify as to his conclusion that said car was "damaged." He should have merely stated the facts. And, while testimony as to the fact that there was a coming together (collision) of the car of appellant with the car of Harris was permissible to be given in evidence as a part of the res gestæ, etc., still, as above indicated, we are of the opinion that appellant's cause was injured by the admission of the irrelevant, at least immaterial, testimony

of the said Chapman that Harris' car was "damaged."

Neither do we think it was legally permissible to allow testimony that appellant appeared to be drunk, etc., after some time had elapsed since the collision, etc., with Harris' car; that is, unless it were first shown that he had had no access to intoxicating liquor in the meantime.

The other questions apparent will not likely arise in their present form upon another trial. They will not be treated.

For the errors pointed out and indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.