160 So. 774

## TURNER v. STATE.

### 4 Div. 129.

Court of Appeals of Alabama.
April 16, 1935.

Clayton, Clayton & Clayton, of Clayton, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

RICE, Judge.

Appellant and one Mazee Ryan were each indicted for the offense of assault with intent to murder one Abby Martin. By agreement, they were tried jointly.

Each was convicted of the offense of assault and battery. They separately appeal.

The fight, giving rise to the present business of the courts, occurred at a church—apparently "out in the country."

The plea of the two defendants was "self-defense."

 The sheriff of the county, who, admittedly was not present at the fight, but who was "called there" for the purpose of arresting the two defendants to the charge mentioned above, was allowed, over appellants' timely and proper objection to give the following answer to the following question, to wit:

"Q. What was their condition, Sheriff, as to having been drinking whisky or not? A. They had been drinking. I smelled it on them."

Due exception was reserved to the court's ruling.

We think said ruling was error. Ample grounds of objection were assigned, to cover any infirmity apparent.

We are unable to see, under the issues raised on the trial, any relevancy of the testimony elicited; nor can we find that it was proper under the somewhat elastic rule regarding res gestæ. Bozeman v. State, 25 Ala. App. 281, 145 So. 165.

For this error, the judgment is reversed and the cause remanded.

Reversed and remanded.