12 So.2d 106

## RAINEY v. STATE.

### 7 Div. 674.

Court of Appeals of Alabama.

Feb. 16, 1943.

L. B. Rainey, of Gadsden, and J. B. Isbell, of Fort Payne, for appellant.

Wm. N. McQueen, Atty. Gen., and Randolph G. Lurie, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

The case was tried without a jury.

The appeal is from a conviction of driving a motor vehicle upon a highway of this State while intoxicated. Code 1940, Title 36, Sec. 2.

While the defendant's guilt was not abundantly sustained by the evidence adduced, we do think, and hold, that the proof was sufficient to support the lower court's conclusion on this issue.

The cause must be reversed, however, for the admission of illegal evidence.

■ The evidence was not without conflicting inferences, and the rule is that the admission of illegal evidence raises the presumption of injury, necessitating a reversal of the judgment unless the remaining evidence is without conflict and is sufficient to support the judgment. Booker v. State, 23 Ala.App. 78, 121 So. 3; First National Bank v. Chaffin, 118 Ala. 246, 24 So. 80; Hendrix v. Pique, 237 Ala. 49, 185 So. 390.

The contention presented by the State's evidence was that the defendant, while intoxicated, was seen to drive his automobile on the highway on a certain night—about 1:30 A. M.—in the town of Collinsville. Later, about three o'clock in the morning, he was arrested at a restaurant in Gadsden.

■ It was incompetent and inadmissible to prove that when he was arrested in Gadsden he was "drinking". This was no' part of the res gestae and proof thereof was error. Phillips v. State, 25 Ala.App. 286, 145 So. 169; Glover v. State, 25 Ala. App. 423, 148 So. 160.

■ It is also declared to be the general rule that in a prosecution ·for a particular offense, it is not permissible to adduce evidence showing defendant guilty of other offenses disconnected with the crime charged. Ala. Digest, Criminal Law, ☞ 369 (1).

■ Consonant with the foregoing principle, we must hold that there was also error in allowing the State to prove that the defendant had previously had cases against him in Etowah County for reckless driving. Ala. Digest, Criminal Law, ☞369 (1), supra; Gladden v. State, 22 Ala.App. 85, 112 So. 541; Booker v. State, 23 Ala.App. 78, 121 So. 3.

■ In view of a reversal, it is also observed that there was impropriety in the form of questions propounded to the State's witnesses seeking to elicit proof of intoxication; such is typical: "What was his (defendant's) condition there with reference to being drinking or intoxicated?" The substance of the answers to such questions in most instances was that defendant was "drinking". This does not suffice to prove the charge of driving while intoxicated. Although the degree of intoxication is immaterial, Holley v. State, 25 Ala. App. 260, 144 So. 535; McMurry v. State, 28 Ala.App. 253, 184 So. 42, in order to be guilty the defendant must, at the time and place charged, have been driving while intoxicated. The statement that he was "drinking" does not necessarily establish that he was intoxicated. It—that he was "drinking," no one having seen him take a drink—is but a conclusion of the witness and does not establish, by the proper legal proof, that he was intoxicated or under the influence of intoxicants when so driving the motor vehicle. The method of proving the fact of intoxication which the law prescribes should be followed. It was not done here.

After careful study of the case, we think that the errors noted were of sufficient prejudice to necessitate the granting of another trial to the ·defendant. Accordingly, the judgment is reversed and the cause remanded.

Reversed and remanded.