60 So.2d 696

## GAMBLE v. STATE.
### 7 Div. 184.

Court of Appeals of Alabama.
Oct. 7, 1952.

Matt H. Murphy, Jr., Birmingham, for appellant.

Si Garrett, Atty. Gen., and M. Roland Nachman, Jr., Asst. Atty. Gen. and (Wm. H. Sanders, Montgomery, of counsel), for the State.

582

PRICE, Judge.

Appellant was tried in the County Court of Shelby County, Alabama, upon affidavit and warrant charging him with the offense of driving while intoxicated. From a judgment of conviction in said court an appeal was taken to the circuit court where defendant was tried upon a complaint filed by the Circuit Solicitor. The complaint is as follows:.

"On appeal from the County Court, comes the State of Alabama by its solicitor and complains that within 12 months before the commencement of this prosecution and in Shelby County, Langton Gamble, did while intoxicated, drive a motor vehicle upon a public Highway, to-wit: the Montgomery-Birmingham Highway."

The trial in the circuit court was by a jury who returned a verdict of guilty as charged and assessed a fine of $300. Defendant failing to pay the fine and costs or to confess judgment therefor, the court duly sentenced him to hard labor for the county to pay the fine and costs.

E. C. Knight, a highway patrolman, was the State's only witness. His testimony tended to show that he was called to the scene of an accident involving two automobiles, a Pontiac and a Dodge, on highway 31 in Shelby County. The witness did not see defendant driving at any time.

■■■ Over timely objection and exception of defendant, this witness was permitted to state that when he saw the defendant he was intoxicated or drunk and smelled of whiskey. This was error.

Evidence of defendant's drunken condition sometime after the alleged offense has been committed is not admissible, unless it is first shown that defendant had no access to intoxicating liquor in the meantime. Phillips v. State, 25 Ala.App. 286, 145 So. 169; Rainey v. State, 31 Ala.App. 66, 12 So.2d 106.

After predicate was laid for the introduction of a confession, the witness was asked:

"Q. Will you tell the Jury what he had to say."

Defendant interposed a general objection, and on the further ground the corpus delicti had not been proved. The court overruled the objection and defendant excepted. The witness answered:

"A. I was called to the scene of this accident and when I got there I asked which one was driving each vehicle and Gamble said he was driving the Pontiac and the other man was driving the other. I made my investigation of the accident and I could smell alcohol or whiskey on Gamble. I asked him had he been drinking, how much he had been drinking and when had he been drinking and he said he had been drinking all Saturday night and Sunday and on up until a short while prior to the accident."

On cross examination this witness testified the accident occurred approximately 25 or 30 minutes prior to his arrival on the scene. On redirect examination he testified defendant told him it was his car and he was driving, and that he had been drinking all night the night before and all morning.

At the conclusion of the State's testimony the defendant moved to exclude the evidence on the grounds the corpus delicti had not been proven; the offense is a misdemeanor and did not occur in the arresting officer's presence and it affirmatively appears there was an intervening period of some 25 or so minutes between the time of the accident and the arrival of the officer and that the State has failed to show that defendant did not have access to liquor during this period. The State has not met the burden of proof resting upon it and has not overcome the presumption of innocence of defendant.

The court denied the motion and defendant excepted.

No testimony was introduced by defendant.

Before a defendant can be convicted of the offense denounced by Title 36, Sec. 2, of the Code of 1940, he must, at the time and place charged, have been driving while intoxicated. Rainey v. State, 31 Ala.App. 66, 12 So.2d 106; Underwood v. State, 24 Ala.App. 191, 132 So. 606.

It is also a familiar rule of law that "A confession not corroborated by independent evidence of the corpus delicti is not sufficient to support a conviction." McPherson v. State, 29 Ala.App. 278, 196 So. 739, 741; McNeel v. State, 25 Ala.App. 36, 140 So. 185.

In this case there is no evidence tending to show the defendant committed the offense of driving while intoxicated, except the statement by the defendant testified to by the officer. The trial court erred in denying appellant's motion to exclude the evidence.

For the errors pointed out herein the judgment of conviction is reversed and the cause remanded.

Reversed and remanded.

