90 So.2d 98

**Melvin BLEVINS**

v.

**STATE.**

**7 Div. 411.**

Court of Appeals of Alabama.

Oct. 16, 1956.

W. M. Beck, Fort Payne, for appellant.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

BONE, Judge.

This appeal is from a conviction for driving a motor vehicle upon a highway of this state while under the influence of intoxicating beverages.

 Over timely objection and exception of defendant, testimony was permitted to be introduced that some time after the defendant was first seen driving that he was "drunk." This was error. Before a defendant can be convicted for the offense of driving while under the influence of intoxicating beverages, he must, at the time and place charged, have been driving while under the influence of intoxicating beverages. Rainey v. State, 31 Ala.App. 66, 12 So.2d 106; Underwood v. State, 24 Ala. App. 191, 132 So. 606; Gamble v. State, 36 Ala.App. 581, 60 So.2d 696.

Evidence of defendant's drunken condition some time after the alleged offense has been committed is not admissible, unless it is first shown that defendant had no access to intoxicating liquor in the meantime. Phillips v. State, 25 Ala.App. 286, 145 So. 169; Rainey v. State, supra; Gamble v. State, supra.

In the instant case a deputy sheriff, testifying for the State, said it could have been twenty minutes between the time defendant was first seen and when he was arrested. The sheriff testified that it could have been thirty minutes. Neither seemed sure as to just how long it had been. Defendant was not driving at the time he was arrested.

This court has held that in a prosecution for the offense of driving while under the influence of intoxicating beverages it was error to receive a highway patrolman's testimony as to defendant's intoxication 25 minutes after the accident in which defendant's automobile was involved, where the State failed to show that defendant did not have access to liquor during the period between the accident and the officer's arrival at the scene. Gamble v. State, supra.

As Mr. Justice Simpson pointed out while a member of this court, admission of illegal evidence raises a presumption of injury, necessitating the reversal of the judgment unless the remaining evidence is without conflict and is sufficient to support the judgment. Rainey v. State, supra. Here the remaining evidence was not sufficient to support the judgment, and therefore the judgment ought to be reversed.

Reversed and remanded.