115 So.2d 277

Calvin MOATES

v.

STATE.

5 Div. 549.

Court of Appeals of Alabama.

Feb. 17, 1959.

Rehearing Denied March 31, 1959.

Speaks & Burnett, Clanton, for appellant.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

After an examination of this record on original submission we concluded that it was free of error probably injurious to any substantial right of the appellant, and entered an order of affirmance without an opinion.

No briefs were filed in appellant's behalf on the original submission. However, on the application for a rehearing briefs have been filed, and several points have been strenuously asserted and argued as constituting reversible error. Out of deference to counsel we have therefore prepared the following opinion on rehearing.

Under an indictment charging manslaughter in the first degree this appellant has been adjudged guilty of that offense.

This prosecution arose out of an allision between an automobile driven by appellant and a parked automobile which the deceased had been driving.

In his brief, counsel for appellant, in a thumbnail summary, outlined the facts as follows:

"For the purpose of clarity, however, it is Appellant's counsel's opinion after a reading of all the testimony that the case for the State of Alabama tended to show that the Appellant, Calvin Moates, was driving an automobile along U. S. Highway 31 while intoxicated; that he ran into the rear of an automobile pulled completely off the paved portion of the highway and struck one Glen E. Faulkner who died as a result of the injuries sustained. The testimony introduced in behalf of the Defendant tended to show that the Defendant was not intoxicated and was driving in a proper manner on U. S. Highway 31 when he came upon an unlighted vehicle parked partially on the paved portion of the highway as indicated by debris and tools from the parked vehicle as well as the testimony of Alvin Douglas Edwards and the stipulation as to what the testimony of an investigating Deputy Sheriff, James Payton, would be if present and testifying. It was also the undisputed testimony that it was dark (more than one-half hour after sunset) and that no flares of any type or description were displayed back of the parked vehicle which apparently had a flat tire."

We think it should also be noted that as a result of the blow the automobile of the deceased was knocked some 43 feet, and the deceased's body was found some 79 feet from the point of impact.

■ Clearly under all the evidence a question of fact solely within the province of the jury to resolve was presented, and if the evidence presented by the State be believed under the required rule, it was ample in its tendencies to support the verdict and judgment rendered.

The first witness for the State was Mr. L. E. Faulkner, the father of the deceased. Mr. Faulkner testified that his son died on 20 October 1956, that he was 23 years old, and was the owner of a Chevrolet automobile.

On cross examination of Mr. Faulkner, which was brief, the record shows the following:

"Q. I believe you have got a damage suit against—

"By Mr. Curlee.: Now we object to that, Your Honor, to any question along that line.

"The Court: Sustain the objection.

"By Mr. Burnett: I offered it only to show interest, Your Honor."

Immediately following this ruling the following stipulation was made between counsel for appellant, and for the State, and read to the jury:

"It is agreed between the State and counsel for the defense that the deceased Glen E. Faulkner died of injuries received in an automobile accident involving a car driven by Calvin Moates, the defendant, on U. S. Highway 31, in Chilton County, Alabama."

■ Where a witness in a criminal case has instituted an action growing out of the occurrence which is the basis of the criminal action, it is proper to permit the witness to be cross examined as to the pending civil action in order to show the witness' interest. Cabel v. State, 18 Ala.App. 557, 93 So. 260; McCain v. City of Montgomery, 38 Ala.App. 568, 92 So.2d 678; Morrison v. State, 267 Ala. 1, 100 So.2d 744.

The lower court therefore erred in sustaining the State's objection to the question seeking evidence as to whether Mr. Faulkner, the witness, had instituted a civil action.

However, it appears that the only material part of Mr. Faulkner's testimony on direct was that his son had died.

It further appears that this very fact was stipulated between the respective coun-

sel immediately following Mr. Faulkner's testimony. The same facts were also developed, without dispute, by an abundance of other evidence.

█ Under these conditions Mr. Faulkner's testimony that his son was dead could not rationally be said to have resulted from bias or interest. The appellant could not therefore have suffered any probable, or even possible, injury to any of his substantial rights as a result of the erroneous ruling by the court in the premise. We would not be justified in basing a reversal of this judgment on this instance. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

██ Mr. Cecil D. Easter was driving on Highway 31 on the night in question. He came over a rise, and saw the wrecked vehicles. He stopped his car and ran to the cars, another man arriving about the same time.

Over appellant's objection, supported by general grounds only, Mr. Easter testified that appellant appeared to be under the influence of intoxicating liquor when he observed him at the scene. In later testimony Mr. Easter testified he arrived at the scene of the wreck "a minute or two" after it occurred.

Counsel for appellant argues that the court erred in overruling appellant's objection to the question as to his state of sobriety, in that it had not first been shown that appellant had access to intoxicating liquors between the time of the wreck and the time at which he was observed by the witness.

We do not think error can be attached to the court's ruling in this instance.

First, only general grounds were assigned in support of the objection. The evidence sought was relevant to the issues.

If only a general objection is interposed, or only general grounds are assigned in support of an objection, no error results in overruling such objection unless the evidence is illegal for any purpose and cannot be made legal by other evidence, or by otherwise framing the question, or supplying additional evidence. Head v. State, 35 Ala.App. 71, 44 So.2d 441, and cases therein cited.

Secondly, the court did not err in its ruling in this instance under the developed facts. While it is the doctrine of our cases that it is error to permit testimony to the effect that an accused was under the influence of intoxicating liquors subsequent to commission of an offense, without first showing the inaccessibility of liquor during the interim, yet a reading of the decisions pronouncing this doctrine will show that in all such a substantial period of time had elapsed between the occurrence and the time at which the accused was observed, i. e. from 20 to 30 minutes, to several hours. See Rainey v. State, 31 Ala.App. 66, 12 So.2d 106; Phillips v. State, 25 Ala.App. 286, 145 So. 169; Gamble v. State, 36 Ala. App. 581, 60 So.2d 696; Blevins v. State, 38 Ala.App. 584, 90 So.2d 98.

In the present case Mr. Easter arrived at the scene within one or two minutes. The evidence further shows that the appellant received a bad cut across the forehead and nose, a compound fracture of one arm, and a brain concussion. All other passengers in the two automobiles were either unconscious or severely injured. To infer that this appellant could have had access to liquor during this negligible period of time, and under the conditions existing, would indeed require that common sense be laid aside. As constantly reiterated by the late and beloved Albert J. Farrah, Dean of the School of Law of the University of Alabama "Out of the facts the law arises."

Further, it appears that the appellant testified that he had not had anything to drink between the time of the wreck and the time he was observed by Mr. Easter, and by Mr. Champion, a then member of the Highway Patrol, who arrived at the scene about twenty minutes after the wreck.

▆ Mr. Champion testified that he arrived at the scene of the wreck about twenty minutes after it happened. At this time the appellant appeared to be under the influence of intoxicating liquors, as evidenced by his speech, his conduct, and the odor of alcohol on his breath. In brief counsel states that such testimony constituted error, in that it had not first been shown that appellant had not had access to liquor during the twenty minutes between the wreck and the observation of appellant by Mr. Champion.

Examination of the record shows that the above testimony was elicited from Mr. Champion without objection. There is therefore nothing for us to review in this instance.

▆ After the jury had retired counsel for appellant attempted to except to the court's oral charge on the ground that the court had failed to refer in his charge to an agreement between counsel for the appellant and the State in reference to what an absent witness would testify. The Solicitor stated he had agreed to such a showing, but the same was not presented by the defense during the case in chief, and he objected to such showing at this stage of the trial.

Counsel for appellant then requested the court to have the court reporter reduce the agreement to writing and present it to the jury.

The court denied such request, stating:

"By the Court: There was no stipulation or agreement in writing or put into the record with reference to testimony of the absent witness, and it was not called to the attention of the Court until after the evidence had been closed, arguments had been made, and the charge to the jury had been completed."

Counsel argues that error resulted from the above occurrence. No merit attaches to such contention.

The attempted exception is completely non-availing. It would have been improper for the court to refer to testimony in nowise presented during the trial. A party cannot except to matter omitted from a court's oral instructions to the jury. Tranholm v. State, 38 Ala.App. 57, 77 So.2d 491. Further, exceptions to the oral instruction of the court must be taken before a jury retires, or they will not be considered. See Vol. 18A Ala.Dig., Trial ☞273 for innumerable authorities.

In a liberal aspect the request that the agreement between defense counsel and the Solicitor as to the purported testimony of the absent witness could, we suppose, be treated as a request to present rebuttal evidence, after the jury had retired.

The court properly denied such request.

In the first place, no private agreement between the parties relating to the proceedings in any cause shall be alleged or suggested unless the same be in writing and signed by the party to be bound. Circuit and Inferior Court Rules, Rule 14, Code 1940, Tit. 7 Appendix; Supreme Court Rule 22.

Further, it is within the discretion of the trial court to receive, in rebuttal, testimony which more properly should have been offered in chief. Blackwell v. State, 264 Ala. 553, 88 So.2d 347, and cases cited therein.

Other points are mentioned in appellant's brief. We have examined same, and find they are without merit on elemental legal principles. No useful purpose would be served by a discussion of them.

Application overruled.