203 So.2d 695

James MONTGOMERY

v.

STATE.

8 Div. 95.

Court of Appeals of Alabama.

Nov. 7, 1967.

Ralph E. Slate, Decatur, for appellant.

**130**

MacDonald Gallion, Atty. Gen., and Jas. H. Evans, Asst. Atty. Gen., for the State.

CATES, Judge.

This appeal came on for submission March 9, 1967.

Montgomery has appealed from a judgment of conviction of guilt of first degree manslaughter which carried a sentence of three years imprisonment in the penitentiary.

A summary of the facts is taken from the appellant's brief as follows:

There was a head-on automobile accident between an automobile being driven by the appellant, James Montgomery, and an automobile being driven by Mr. Wiley Kitchens. Kitchens's wife and daughter were passengers in his car. The evidence was disputed between appellant and the State's witnesses as to where in the highway the accident happened. The appellant, James Montgomery, was injured in the wreck. Gladys Bernice Kitchens, wife of Wiley Kitchens, and Cynthia Dianne Kitchens, the minor daughter of Wiley Kitchens, were both killed. The State's evidence tended to show that the appellant was intoxicated at the scene of the wreck, shortly after the wreck, and that he was still intoxicated at the hospital some short time later. The appellant's evidence tended to show appellant was not intoxicated, and that it was an accident caused by the negligence of Wiley Kitchens.

There are two of the appellant's claims of error in the rulings of the trial court which, under established cases, are erroneous.

I.

Over objection by defense counsel, the State, in cross examining the appellant, asked Montgomery whether or not he had a driver's license. The objection was overruled.

In this court, a similar situation was presented in Madison v. State, 40 Ala.App. 62, 109 So.2d 749. The opinion quoted with approval from State v. Lingman, 97 Utah 180, 91 P.2d 457. In summary, the opinion states:

"These decisions clearly show that it is the manner of the operation of the automobile which determines the guilt of the driver.

"In the absence of evidence tending to show some causal connection between the manner of driving proximately causing deceased's death and defendant's possession or lack of possession of a driver's license, we are of opinion objections to the questions quoted above were improperly overruled."

The second claim of error related to the eliciting, over objection, of testimony of certain witnesses who saw Montgomery after the accident—in one case, fifteen to twenty minutes, in another, somewhat later—Montgomery then being in an intoxicated condition.

In Kelso v. State, 40 Ala.App. 627, 119 So.2d 916, we find the following:

"The record shows that during the direct examination of two of the State's witnesses, Mr. E. M. F. Parish, a State highway patrolman, and Mr. Franklin Smith, Sheriff of Lawrence County at the time of the child's injury, each were permitted to testify, over the defendant's well grounded objections, that the appellant was under the influence of intoxicating beverages at the time they interviewed him in the Sheriff's office some six hours after the child was injured.

"Ordinarily an accused's condition of sobriety some time after the commission of an offense is no part of the res gestae of said offense.

"It is therefore well settled by our decisions that it is not permissible to show that a defendant was drinking, or under the influence of intoxicating liquors, a substantial time after the commission of an offense, unless it first be shown that the defendant had no access to such liquor between the time of the offense and the time he was observed. Moates v. State, 40 Ala.App. 234, 115 So.2d 277; Blevins v. State, 38 Ala.App. 584, 90 So. 2d 98; Gamble v. State, 36 Ala.App. 581, 60 So.2d 696; Rainey v. State, 31 Ala.App. 66, 12 So.2d 106; Phillips v. State, 25 Ala.App. 286, 145 So. 169; Turner v. State, 26 Ala.App. 397, 160 So. 774.

"When the defense objected to the questions seeking testimony as to appellant's condition of sobriety, the solicitor informed the court he expected to introduce statements or admissions against interest made by the appellant at the time of his interview, and the questions therefore sought evidence going to the credibility of such admissions. The court, upon such representation by the solicitor, overruled the defense objections, as before stated.

"When a confession, or admission against interest is admitted, an accused is in effect indirectly testifying. The accused's capacity and competency as a witness is presumed. If incapacity ex-

isted such was a matter to be shown by the adverse party, either by voir dire examination prior to the introduction of accused's alleged statement, or by cross-examination and a motion to exclude if incapacity be developed. See Redwine v. State, 36 Ala.App. 560, 61 So.2d 715.

"The argument advanced by the solicitor for the admission of the evidence sought, i. e., as going to the credibility of the statements of the accused, is indeed productive of an anomalous result in that it would permit the proponent of evidence to also introduce evidence going to discredit the very evidence he has introduced.

"For the above error this judgment is due to be reversed.

"Reversed and remanded."

■ On the other hand, it is permissible to show by a late arriving witness that the defendant was drunk in his presence, provided the State *also* shows that the surrounding circumstances are such as to preclude the possibility of appellant drinking after the accident. Thus, in Moates v. State, 40 Ala.App. 234, 115 So.2d 277, we find the following:

"* * * the court did not err in its ruling in this instance under the developed facts. While it is the doctrine of our cases that it is error to permit testimony to the effect that an accused was under the influence of intoxicating liquors subsequent to commission of an offense, without first showing the inaccessibility of liquor during the interim, yet a reading of the decisions pronouncing this doctrine will show that in all such a substantial period of time had elapsed between the ocurrence and the time at which the accused was observed, i. e. from 20 to 30 minutes, to several hours. See Rainey v. State, 31 Ala.App. 66, 12 So.2d 106; Phillips v. State, 25 Ala.App. 286, 145 So. 169; Gamble v. State, 36 Ala.App. 581, 60 So.2d 696; Blevins v. State, 38 Ala.App. 584, 90 So.2d 98.

"In the present case Mr. Easter arrived at the scene within one or two minutes.

The evidence further shows that the appellant received a bad cut across the forehead and nose, a compound fracture of one arm, and a brain concussion. All other passengers in the two automobiles were either unconscious or severely injured. To infer that this appellant could have had access to liquor during this negligible period of time, and under the conditions existing, would indeed require that common sense be laid aside. * * *"

The instant case is a borderline one as to whether or not Montgomery who was also injured in the same accident was in any condition to have taken a drink after the crash.

In view of the error arising from the admission of testimony concerning his lack of a driver's license, we have outlined the premises of *Kelso* and *Moates* for guidance on a new trial.

The judgment below is due to be reversed and the cause remanded for proceedings in accordance herewith.

Reversed and remanded.