259 So.2d 849

**Clara Lee WYMAN, alias**

**v.**

**STATE.**

**6 Div. 161.**

Court of Criminal Appeals of Alabama.

March 28, 1972.

L. M. Northington, Northport, for appellant.

William J. Baxley, Atty. Gen., and John A. Yung, IV, Asst. Atty. Gen., for the State.

PER CURIAM.

This case is here on appeal by appellant from a conviction for manslaughter in the first degree with sentence fixed at three (3) years imprisonment.

This case grows out of an incident which happened in Tuscaloosa on the late afternoon of June 7, 1969, in which a young child was killed by being run over and pinned under a pickup truck, driven by appellant. The appellant lived across the street from the family of the child who was killed, the appellant's house being slightly north of the home of the child. Shortly before the incident, several neighbors of the appellant observed her walking in her front yard talking, apparently, to herself, as no one else was in sight. A pickup truck belonging to appellant's husband was parked in her front yard with the rear end toward the street. Appellant was observed getting in the truck, at which time the motor was started and the truck ran backwards across the street, up over the curb and into the front yard of the home in which the child, Kelly Jerome Sanders, lived and where several young children were playing at the time. Most of the children ran and avoided the truck, but the aforesaid Kelly Jerome Sanders, was run over by the truck and when it came to rest against the front steps of the house, the child's body was under the left rear wheel.

It further appears from the evidence that the first person, besides several of the neighbors who were in the immediate vicinity, to reach the child was Officer Charles B. Green, Jr., of the Tuscaloosa Police Department, who testified that he was cruising in the vicinity of this particular location and about 7:00 P.M., received a radio call from headquarters notifying him of the incident; and that he reached the scene within some three or four minutes. He, along with some of the other witnesses, released the gears on the truck and moved it off the body of the child, and he carried the injured child to an ambulance, which, in the meantime, had arrived. After talking with several witnesses present, including the appellant, he placed her under arrest. He testified she was then and there intoxicated.

The state offered several eye witnesses to the occurrence who testified substantially as above set out with regard to the action of the appellant and the arrival of the police officer, and removal of the child, who later died as a result of the injuries received in the incident. This is substantially the evidence offered by the state.

The appellant did not testify, but her husband, who was not an eye witness, did testify with regard to the condition of the truck, that it had no brakes and that he had left it parked in his yard in reverse to keep it from rolling into the street; and that this condition of the truck had existed for some time. The appellant had never driven the truck. Though testifying in great detail about the matter, the above is the substance of his testimony, and he was the only witness offered for the appellant.

In brief, the appellant first argued that the court was in error in admitting testimony as to the intoxicated condition of the

appellant subsequent to the incident. Immediately after the officer placed the child in the ambulance, he talked with several, if not most, of the eye witnesses in an endeavor to discover the facts in the case, and to quote from the brief of the appellant:

> "The evidence is clear and not contested in this case that it was at least 25 minutes from the time of the accident until the officer first saw the defendant."

It was at this time he testified over the objection of appellant's attorney, that she was intoxicated in his judgment.

■ The law in this state clearly disallows testimony over objection that accused was drunk a substantial period of time after a crime committed by the operation of a motor vehicle, unless it can be shown that accused had no access to liquor between the commission of the crime and the actual observation of the accused by the witness. In the case at bar, the witness, James Wells, testifying for the state, testified that immediately after the truck came to a stop, he observed the appellant sitting in the truck and that she stayed there in the same relative position until the police officers got there and that he saw them take her away; that she did not leave his presence or his sight during that time.

■ There is no testimony that she drank or had in her possession any intoxicants during this interim. In our opinion, the case of Montgomery v. State, 44 Ala. App. 129, 203 So.2d 695, is controlling in this case and under the rule therein laid down, the court did not err in allowing the testimony of the police officer.

Montgomery, supra, cites the cases of Moates v. State, 40 Ala.App. 234, 115 So. 2d 277; and Kelso v. State, 40 Ala.App. 627, 119 So.2d 916, which are cited by the appellant as supportive of her contention and the rule is thoroughly explained with regard to this question.

Appellant further complains of the comment made by the court in its oral charge to the jury with regard to the failure of the appellant to testify in the case.

■ It may be observed that in so far as the record shows, no exception was taken to this part of the charge and therefore this matter is not properly presented on appeal.

Appellant excepted to that portion of the court's oral charge as follows:

> "Intention to take life is not necessarily an ingredient of manslaughter, even in the first degree. In order to constitute manslaughter in the first degree, there must be either a positive intention to kill or to commit an act of violence from which ordinarily in the usual course of events, death or great bodily injury may be a consequence."

The part of the charge excepted to was, in itself, only a portion of the court's oral charge in which the elements of the offense were correctly stated.

■ There is no merit in the exception taken to the portion of the charge above set out. Roden v. State, 44 Ala.App. 483, 213 So.2d 865, certiorari denied 282 Ala. 728, 213 So.2d 869; Clayton v. State, 36 Ala.App. 175, 54 So.2d 719.

■ The court, in its oral charge, further instructed the jury as follows:

> "Now, there is some evidence of the defendant being drunk or intoxicated, and the Court charges you that voluntary drunkenness is not a defense to manslaughter in either degree because the offense does not involve a specific intent, *neither offense—manslaughter in the first degree or manslaughter in the second degree, involves the specific intent to kill.*"

This instruction is a correct statement of law with regard to the defense of voluntary drunkenness. Clayton v. State, supra, and cases cited therein.

The appellant excepted to the fragments of this instruction which have been italicized above.

■ As to question of drunkenness of the appellant at the time of the accident, we hold this was a question for the jury under the evidence properly admitted. There is no merit in this exception.

We further hold that this was not a charge upon the effect of the evidence as prohibited by Title 7, § 270, Code 1940, Recompiled 1958. The rule is laid down in Dunn v. State, 8 Ala.App. 410–412, 62 So. 996, as follows:

"A charge upon the effect of the evidence is a charge which instructs the jury that certain facts in issue have been proved, or not proved, or that certain evidence in the case does or does not establish a certain fact or facts in dispute, or directs the jury what their finding on an issue of fact must be if they believe the evidence in the case, etc."

Tested by this rule, there is no merit in this exception to the charge.

The exception to the last italicized portion of the above set out instructions is also without merit. Clayton v. State, supra. See also cases collected in Alabama Digest, Homicide, ⊜81.

Based upon the record as it appears, the demurrer of the district attorney was properly sustained in this case to the plea in abatement filed on behalf of the appellant on November 12, 1969.

The record of the indictment as it appears in the transcript, imports verity and we are governed by the record as it stands. The plea in abatement to this indictment shows that a former indictment returned in June, 1969, charging the defendant with the same offense had been quashed and referred back to the grand jury, before the filing of the plea and only the present indictment was pending. The demurrer points this out and was properly sustained.

We have carefully considered the record in this case and found no error to reverse.

The foregoing opinion was prepared by W. J. Haralson, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

CATES, Judge, concurring specially (as to the exception to the charge on voluntary manslaughter).

The expression used in the first sentence of the language excepted to, viz.

"Intention to take life is not necessarily an ingredient of manslaughter, even in the first degree."

may contain sophisticated nuances easily discernible by lawyers and judges. Paraphrased it could read:

"Manslaughter need not in every case embrace an intention to take life." [1]

But when this thought is coupled with the requirement of either (1) a positive intention to kill or (2) an intention to do an act of violence from which etc., then there is sufficient explanation to make the two sentences merge into a composite, rounded definition. See Kitchens v. State, 31 Ala. App. 239, 14 So.2d 739.

However, while the quoted first sentence is not incorrect, we think that it is superfluous for a lay group such as a jury. We cannot overemphasize that jury charges should not be taken merely from court opinions but from charges actually *approved* (not merely mentioned) in court opinions. Furthermore, in no field is it more important to use Shepard's Citator. Jones, Alabama Jury Instructions is useful but every charge therein should be Shepardized and otherwise researched before being used.

PRICE, P. J., and ALMON and TYSON, JJ., concur.

1. Clayton v. State, 36 Ala.App. 175, 54 So.2d 719 (3).