318 So.2d 772

**Billy Rayford MARTIN**

**v.**

**STATE.**

**8 Div. 611.**

Court of Criminal Appeals of Alabama.

July 29, 1975.

Rehearing Denied Aug. 19, 1975.

Robert S. Thomas, Scottsboro, for appellant.

**34**

William J. Baxley, Atty. Gen. and Joseph G. L. Marston III, Asst. Atty. Gen., for the State.

CLARK, Supernumerary Circuit Judge.

Appellant was tried on an indictment charging murder in the first degree. His plea was not guilty. He was found guilty of manslaughter in the first degree and sentenced to imprisonment in the penitentiary for eight years, in accordance with the verdict of the jury. A motion for new trial was duly filed on behalf of defendant and was overruled by the trial court.

The only question presented by appellant on appeal is that of the sufficiency of the evidence as to the guilt or innocence of defendant to justify the court's action in overruling his motion for a new trial. In accordance with our duty, we have searched the record for a basis for any additional charge of error prejudicial to defendant on the trial and in the proceedings related thereto and have found none.

The deceased was an uncle of defendant. There is little, if any evidence, to indicate that prior to the tragedy involved there was any bad blood between them. That the death of decedent was attributable largely to alcohol there can be no doubt. The evidence reeks with it.

Just how much beer was consumed by defendant, by his deceased uncle and by a third person, a fishing companion, as they proceeded on their fishing trip, and while they were in a boat in the Tennessee River, in Jackson County, is difficult to determine, but the undisputed evidence is to the effect that together they had consumed enough for themselves and for at least two or three more additional companions. The number of beers was estimated by the pack and not by the can. Defendant's intoxication is hardly subject to question, he himself saying that he doesn't remember much that occurred, but the extent of his intoxication cannot be accurately assayed, although it is clear that he was at least bellicose drunk.

Defendant was charged in the indictment with killing Carl Davis Martin by pushing or knocking him away from a boat "into" the river in one count of the indictment, and in another count of the indictment he is charged with killing him by pushing or knocking him away from a boat "in" the river.

Although there is some evidence to indicate credibility weakness on the part of some of the witnesses testifying for the State, some of which may have been due to the extraordinary excitement on the occasion and perhaps some to their recent fluid intake, we view the testimony in general as that of impartial, unprejudiced, sincere witnesses. There was positive evidence that there was much cursing going on in the boat, much of which was attributable to defendant, that defendant was a part of

the time at least in the middle of the boat, his uncle at the back of the boat and the companion at the front of the boat. The uncle went off the rear end of the boat. There was some evidence to the effect that defendant was hitting his uncle at the back of the boat. There was also some evidence that the uncle attempted to get back into the boat and could not do so. By one of the witnesses it was stated that the man in the middle of the boat was slapping the man in the back of the boat and that it looked like defendant struck the man, but the witness did not know whether defendant struck the man in the back of the boat physically or pushed him from the boat. One witness stated that defendant pushed him in the water away from the boat. There was considerable testimony that appellant cursed his uncle while they were struggling in the boat and that appellant told his uncle that he was going to kill him. All three left the boat. Defendant and the third man arrived safely on the shore. The uncle never landed alive. His drowned body was removed from the water and thereafter examined by the laboratory director of the North Alabama Regional Laboratory of·the Department of Toxicology, Criminal Investigation.

Appellant lays great store upon the testimony of the laboratory director. His testimony was to the effect that there were no cuts, bruises or skinned places upon the deceased. It is argued that the absence on the body of deceased of any objective signs of a fight or a struggle is inconsistent with evidence to the effect that defendant caused the death of his uncle by the method alleged in the indictment. We appreciate the commendable efforts of counsel, his loyalty to his client and his dedication to his duty to him, but we are unable to agree with the conclusion.

■ It is our view that in general the description, particularly by others not in the boat with the decedent and defendant, of what took place is consistent with the verdict of the jury and with the testimony of the laboratory director. It is our view that the force that was necessary to accomplish the death as alleged in the indictment would not necessarily result in bruises, scratches or skinned places upon the victim.

The out-and-out factual question of whether defendant pushed or knocked the victim away from a boat into the river, whereby he was drowned, was clearly within the province of the jury, and we are convinced that the finding of the jury in respect to such issue was not against the weight of the evidence.

■■ As to the mixed question of law and fact, whether defendant's state of intoxication precluded guilt of manslaughter in the first degree, the court's charge on the subject was clear and correct, certainly not unfavorable to defendant, and we are convinced that the evidence fully justified the jury in finding defendant guilty of manslaughter in the first degree, that is, voluntary manslaughter but without malice and without a specific intent to kill, as to which voluntary drunkenness is not a defense. *Gosa v. State*, 273 Ala. 346, 139 So.2d 321; *Rogers v. State*, 49 Ala.App. 78, 268 So.2d 859; *Wyman v. State,* 47 Ala.App. 643, 259 So.2d 849.

The judgment of the trial court should be affirmed.

The foregoing opinion was prepared by Supernumerary Circuit Judge Leigh M. Clark, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment below is hereby

Affirmed.

All the Judges concur.