TYSON, Judge.
Delton Bickerstaff was indicted for murder in violation of § 13A-6-2, Code of Alabama 1975. The jury found the appellant guilty of the lesser included offense of manslaughter. He was sentenced to life imprisonment in the penitentiary as a habitual felony offender.
On the evening of April 21, 1984, a pickup truck driven by the appellant collided with a car driven by Kathryn McCullough on Persimmon Tree Road in Dallas County, Alabama. The State and the appellant’s defense counsel stipulated that this accident occurred at approximately 7:30 p.m., and that McCullough died as a result of injuries sustained in the collision.
At 7:51 p.m., State Troopers Roy Sumja and James Breland arrived at the scene of the accident. Trooper Jerald Thomas arrived at the scene at 7:56 p.m. The troopers found the vehicle driven by McCullough and another vehicle which hit McCullough’s car after the initial collision with the appel *799 lant’s truck. This other vehicle was driven by Ann Barnette. The appellant’s truck was not in the immediate vicinity of the scene of the accident. Barnette, who saw the initial collision, told the officers that the truck had not stopped.
A few minutes later, however, the appellant’s truck was discovered in a field approximately 50 feet from the road. Troopers Sumja and Breland went to the truck and found the appellant and a female standing beside the truck. The appellant was not injured.
Inside the truck, the troopers observed numerous empty and full beer cans and a half empty bottle of whiskey. Troopers Sumja, Breland, and Thomas, as well as Barnette and another witness who arrived at the scene after the accident occurred, all testified, over objection, that the appellant was intoxicated. However, none of these witnesses saw the appellant from the time of the accident at approximately 7:30 p.m., until Breland and Sumja went into the field where the truck was found several minutes after 7:51 p.m.
Sumja, Breland, and Thomas testified that the appellant had access to intoxicating beverages from the time of the collision until they first observed the appellant at least 20 minutes after the accident.
I
The appellant contends that the trial court erred in allowing testimony that the appellant was intoxicated. We must agree.
“It is therefore well settled by our decisions that it is not permissible to show that a defendant was drinking, or under the influence of intoxicating liquors, a substantial time after the commission of an offense, unless it first be shown that the defendant had no access to such liquor between the time of the offense and the time he was observed.” Moates v. State, 40 Ala.App. 234, 115 So.2d 277; Blevins v. State, 38 Ala.App. 584, 90 So.2d 98; Gamble v. State, 36 Ala.App. 581, 60 So.2d 696; Rainey v. State, 31 Ala.App. 66, 12 So.2d 106; Phillips v. State, 25 Ala.App. 286, 145 So. 169; Turner v. State, 26 Ala.App. 397, 160 So. 774.
Montgomery v. State, 44 Ala.App. 129, 203 So.2d 695, 696 (1967) (quoting Kelso v. State, 40 Ala.App. 627, 119 So.2d 916 (1960)). See also Ayers v. State, 48 Ala.App. 743, 267 So.2d 533 (1972); Wyman v. State, 47 Ala.App. 643, 259 So.2d 849 (1972).
“On the other hand, it is permissible to show by a late arriving witness that the defendant was drunk in his presence, provided the State also shows that the surrounding circumstances are such as to preclude the possibility of appellant drinking after the accident.”
Montgomery, supra, 44 Ala.App. at 131, 203 So.2d 695. See Ayers, supra, (defendant was injured and “effectively trapped” in his vehicle when the officer arrived at the scene and no alcoholic beverages were found in or around defendant’s vehicle); Wyman, supra (defendant observed from time of accident until officer arrived and defendant did not drink or have in her possession any intoxicants during this period); Elmore v. State, 348 So.2d 269 (Ala.1977) (defendant could not have had “access to any significant amount of alcohol” during the “extremely brief period” between the time the defendant’s vehicle ran the officers off the road and when they found her in her vehicle in a ditch some minutes later); Moates v. State, 40 Ala.App. 234, 115 So.2d 277 (1959) (defendant injured in accident and witness arrived at scene within one to two minutes after accident).
In the case at bar, the State failed to present any surrounding circumstances that would preclude the possibility that the appellant drank after this accident. The appellant was not injured in the accident. Alcoholic beverages were found in his truck. No one observed the appellant not drinking from the time of the accident until the officers found him at least 20 minutes later. This time period is a substantial period of time between the time of the accident itself and the time when he was first observed. See Montgomery, supra (and cases cited therein). Most importantly, three of the State’s witnesses testified *800 that the appellant had access to alcoholic beverages between the time of the accident and the time that he was found.
In light of these facts, the State failed to show that the appellant did not have access to or consume alcoholic beverages after the accident in question. Thus, the trial court erred in allowing testimony concerning the appellant’s intoxication after this accident. For this reason, this cause is due to be and is, hereby, reversed and remanded to the trial court. In light of this decision, we need not address the other issue raised by the appellant on appeal.
REVERSED AND REMANDED.
All the Judges concur.