The defendant, Delton Bickerstaff, was convicted of manslaughter. The Court of Criminal Appeals reversed,516 So.2d 798 holding that if a significant period of time lapses between the time of a traffic accident and the time witnesses observe a party involved in the accident and conclude that he was intoxicated, and it is shown that during that interim the party had access to alcohol, then as a matter of law, the witnesses cannot testify that the party was intoxicated at the time of the accident. We reverse the decision of the Court of Criminal Appeals and hold that it is the duty of the trier of fact to determine, when a driver is found to be intoxicated, whether the driver's drunken condition existed at the time of the accident or arose in the interim between the accident and the investigation.
At 7:30 p.m., on April 24, 1984, Bickerstaff drove his pickup truck into a vehicle driven by Kathryn McCullough. As a result of injuries sustained in the accident, *Page 801 
McCullough died. Twenty-one minutes later, two State Troopers arrived at the scene and found McCullough's vehicle and a car driven by Ann Barnette.
Barnette was the only witness to the accident. She stated that Bickerstaff's truck hit McCullough's vehicle and that Bickerstaff had not stopped. She also hit McCullough's vehicle.
After a few minutes, the State Troopers found Bickerstaff and his truck in a field approximately 50 feet from the road. Inside the truck the Troopers found many beer cans, some empty, some full, and a half emptied bottle of liquor. The State Troopers and Barnette all testified that Bickerstaff was intoxicated. None of the witnesses who testified saw Bickerstaff from the time of the accident until he was found with his truck sometime after 7:51 p.m. A minimum of 21 minutes passed before anyone saw Bickerstaff. The trial court permitted the witnesses to testify about Bickerstaff's state. However, the Court of Criminal Appeals reversed that decision, because it said, a substantial time had passed and Bickerstaff had had access to alcohol during that time; therefore, according to the Court of Criminal Appeals, it was not clear if his intoxication was the product of alcohol consumption prior to or after the accident.
The Court of Criminal Appeals quoted Montgomery v. State,44 Ala. App. 129, 203 So.2d 695 (1967), and cases cited and quoted therein, for the proposition that it is impermissible to allow the state to show that a defendant had been drinking, or was intoxicated, at the time of an alleged offense when it is shown that the defendant had access to alcohol after the offense and a substantial amount of time passed from the commission of the offense until the witnesses' observation of the defendant.
Questions of fact are usually questions for the jury, whereas questions of law are within the province of the court.Harris v. State, 280 Ala. 468, 195 So.2d 521 (1967) (applying the rule to the admission of confessions). The factors to be weighed in determining whether the defendant was in fact intoxicated at the time of the offense are: (1) testimony of the witnesses, (2) access to alcohol, and (3) the amount of time between the commission of the offense and the observation of the defendant.
It is true that within a substantial amount of time after the commission of an offense, if the defendant had access to alcohol, he could become intoxicated. However, we do not view this determination to be one of law. It is for the jury to decide whether the defendant had access and whether a substantial amount of time passed. As stated by Justice Maddox in his dissent in Elmore v. State, 348 So.2d 269, 271 (Ala. 1977), "I believe that Ayers v. State, 48 Ala. App. 743,267 So.2d 533 (1972), . . . states the better rule, that is, that a driver's drunken condition after an automobile accident can be a fact from which the jury would infer that he was driving the automobile while in that condition." On this point, insofar asMontgomery v. State, supra, and cases cited therein, state a different rule, we overrule them, and hold that such questions are questions of fact, not law, and that it is up to the trier of fact to weigh those factors and determine whether the defendant was intoxicated and, if so, whether the intoxication was a result of alcohol consumption prior to or after the commission of an offense. Thus, the requirement that the State show that the defendant did not have access to, or consume, alcoholic beverages after the accident is now removed.
At trial, the jury found Bickerstaff guilty of manslaughter, as a lesser included offense to murder. By its decision, the jury determined that Bickerstaff was in fact intoxicated at the time of the accident. On appeal, we will not overturn factual determinations made by the jury unless it appears that such determinations are plainly and palpably erroneous. City ofMobile v. Jackson, 474 So.2d 644 (Ala. 1985). It does not appear that the jury's determination in this case was erroneous.
For the reasons stated, the judgment of the Court of Criminal Appeals is reversed and the cause is remanded for that court to *Page 802 
reinstate the judgment judgment of the trial court.
REVERSED AND REMANDED.
MADDOX, SHORES, BEATTY, HOUSTON and STEAGALL, JJ., concur.
TORBERT, C.J., and JONES and ALMON, JJ., concur in the result.